## KENDALL v. TRICO PRODUCTS CORPORATION.

### KRITZ et al. v. SAME.

Circuit Court of Appeals, Sixth Circuit.
March 19, 1929.

Nos. 5084, 5125.

Ralph S. Binns, of Detroit, Mich. (William S. McDowell, Barthel, Flanders & Barthel, and Otto F. Barthel, all of Detroit, Mich., on the brief), for appellants.

Barton A. Bean, Jr., of Buffalo, N. Y. (Harrison M. Brooks, of Buffalo, N. Y., on the brief), for appellee.

Before MOORMAN, HICKS and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. Appellee brought suit in the District Court against the Perfection Products Company (a common-law trust) and Kritz and Bauer, trustees, for infringement of United States patent No. 1,522,344, issued January 6, 1925, to Thomp-

son, assignor to Oishei (later assigned to plaintiff), for automatic windshield cleaner, as well as for unfair competition in connection with such infringement. Both validity of patent and unfair competition were denied.

The District Court held the patent valid and infringed, found unfair competition, awarded permanent injunction and accounting for profits and damages on account of the infringement, as well as damages for unfair competition, reserving the question of increased damages until the coming in of the master's report. The appeal from the decree in No. 5084 was taken within 30 days and before the accounting. Before the appeal was taken the receiver of the Perfection Products *Company* was substituted as defendant in lieu of the original defendants. Before that appeal was docketed in this court plaintiff filed another bill in the District Court against the Perfection Products *Association*, to which defendant the assets of the Perfection Products *Company* had been conveyed by the latter company during the pendency of the suit against the Perfection Products Company, as well as against the other defendants and appellants in No. 5125 above named, for infringement and alleged unfair competition connected therewith, with respect to not only the Thompson patent, No. 1,522,-344, before mentioned, but also four other United States patents owned by appellee Trico Products Corporation, viz.: No. 1,-544,928, issued September 22, 1925, to Oishei as assignee of Thompson, on automatic windshield cleaner; No. 1,562,122, issued November 17, 1925, to Oishei, on fluid pressure motors; No. 1,565,493, issued December 15, 1925, to Oishei, and as assignee of Erwin C. Horton, on fluid pressure motors; No. 1,567,-328, issued December 29, 1925, to Oishei, on motors for windshield cleaners. On the filing of this second bill, on motion of plaintiff, and after notice to defendants and due hearing, but before answer to the bill of complaint was filed, a preliminary injunction was issued pending trial on the merits or until the further order of the court, against infringement of the Thompson patent No. 1,522,344 and unfair competition. A motion made by defendants, after answer was filed, to vacate the order of preliminary injunction was denied. The appeal in No. 5125 is from the denial of this motion. The two appeals were heard together here. It is stipulated that the record in No. 5084 may be used and considered on the appeal in No. 5125.

1. Case No. 5084. By the device of the patent, No. 1,522,344, the familiar windshield cleaner is made to wipe the glass through the medium of a swinging vane piston rigidly attached, within a suitable casing, to a rock shaft whose rocking is directly caused by the oscillating of the piston at right angles to the rock shaft, and substantially parallel to the face of the windshield, such oscillation being produced by atmospheric pressure (as from the intake manifold of the automobile engine), that is to say, pressure on the one side and partial vacuum suction on the other side of the vane, alternately and automatically applied by the use of suitable valve mechanism. This shaft, which extends at right angles to the windshield, is thus rocked parallel to the face thereof. A wiper arm, rigidly attached to an extension of the rock shaft outside the casing, causes the wiper automatically to move back and forth, in an arc of a circle, over the face of the windshield to correspond with the rocking of the shaft. The oscillating of the vane piston, the rocking of the shaft, and the moving of the wiper arm are thus simultaneous. We print in the margin claims 1, 6, and 12, as fairly typical.[1]

We think the claims of the patent in suit not invalid, either for anticipation or for lack of invention in view of the prior art. Defendant cites a large list of prior patents, for which the most that can well be claimed is that they show that each element of the claims in suit (all of which are combination claims) was old somewhere in prior art; the list including even such patents as Hull (ro-

[1] "1. In a windshield cleaner, the combination of a casing, a rock shaft journalled therein, a wiper carried by said rock shaft, and a swinging operating member within said casing rigid with said shaft and adapted to receive direct applications of fluid pressure for rocking said shaft to operate said wiper."

"6. In an attachable windshield cleaner, the combination with a housing having a piston chamber, of a rock shaft journalled in said housing, a wiper-carrying arm secured to one end of said shaft, an oscillatory piston rigid with said shaft and disposed within said chamber, said wiper arm, shaft and piston oscillating simultaneously in the same directions and through equal angles, and means for applying fluid pressure directly to said piston to oscillate said piston and the shaft and wiper arm."

"12. In a windshield cleaner operable on relatively low pressures as obtained by utilizing suction from a suction passage between a vehicle engine and the fuel supply for the engine, the combination of a housing having a piston chamber, a swinging vane piston in said chamber, adapted to receive direct applications of fluid under pressure, a wiper strip adapted to be moved on a windshield glass to clean the same, a rock shaft directly connected to said piston, and a part on said rock shaft oscillating simultaneously with said vane piston and said rock shaft, for actuating said wiper strip."

tary steam engine) and Greer (reciprocating steam engine), having fluid pressure motor devices with vane type of oscillating pistons. While windshield wipers were old, as were cleaning devices operated by fluid pressure for rocking a shaft, and even the use of pistons for applying the power, nowhere in the prior windshield cleaning art, or even in an analogous art, do we find the combination which characterizes either of the respective claims of this patent; and it is a commonplace that a combination claim may involve invention even if every element is old, provided a new result is accomplished, or an old result reached by a new and better way, which we think is plainly the case here. Webster Loom Co. v. Higgins, 105 U. S. 580, 591, et seq., 26 L. Ed. 1177; Ohio Rake Co. v. Bucher Co. (C. C. A. 6) 266 F. 891, 894, and cases cited. We cannot think that prior use in such devices as rotary and reciprocating steam engines and washing machines of fluid pressure motors (water or air), having a vane type of oscillating piston, is enough to render invalid the novel and valuable combination claims here in question relating to windshield cleaners. The nearest disclosure in the prior windshield art is contained in the patents of Floberth, in one of which (No. 1,309,724, July 15, 1919) the air pressure which created the rocking movement was exerted upon a *diaphragm*, which was caused alternately to move up and down. No piston of any kind was employed. In another Floberth patent (No. 1,352,504, issued September 14, 1920) the piston was of the double-head, reciprocating type, operating the rock shaft through the medium of a rack and pinion, and differing from the Thompson patent not alone in the last-named feature, but in that the piston is not in any sense a vane or oscillating piston operating in an arc of a circle. The Thompson device applies the power created by the oscillating vane *directly* to the rock shaft, and without the use of rack and pinion or any other intervening mechanism. It should go without saying that such direct connection saves both time and power, and thus effects the result in a new and materially better way, as contrasted with Floberth's indirect application of power, including the use of rack and pinion, which necessarily produces substantial friction and waste of time and power. Thompson's device, comprising an oscillating vane, a rock shaft, and an attached wiper, constitute a single unit. We are cited to nothing in the prior art disclosing such device, and we think it involves real invention. Nor, in view of the conditions already stated, are we impressed with defendant's contention that the application of a vane-type motor to a windshield cleaner is merely the coupling of a motor that will run any kind of a machine to a machine that will run with any kind of a motor. Indeed, in view of the unitary character of Thompson's device, with its vane rigidly attached to the rock shaft and its wiper a mere extension of that shaft, simultaneously operated, we think the statement of the district judge that it is impossible to say where the motor ends and the machine begins, or where the machine ends and the motor begins, is not without force. We think it unnecessary, in view of what we have said, to discuss any but the two Floberth patents. The general and immediate public acceptance of the Thompson device convincingly confirms the existence of invention therein.

We thus see no merit in the suggestion that the invention of the Thompson patent lies, not in the combination, but only in the substitution of one form of fluid-pressure motor for another form of fluid-pressure motor in an old combination. That suggestion loses sight of the unitary character of Thompson's device and the direct and simultaneous action of its three elements, producing an essentially new combination. Every case involving the use of old elements in a new combination must be judged upon its own peculiar facts. The ultimate question, whether real invention or only mechanical skill is disclosed, is, at the last, a question of fact, as is likewise the specific question whether or not the transfer of a device from one art to another, and its adaptation to use therein, involves patentable invention. Herman v. Youngstown Car Mfg. Co. (C. C. A. 6) 191 F. 579, 582, and cases cited in Ohmer Fare Register Co. v. Ohmer (C. C. A. 6) 238 F. at pages 186, 187. While this court has recognized that if most of the elements are already in the combination, the addition of one or two, already well known, singly or in groups, as common expedients in similar situations, or the substitution for one or two of those elements of devices familiar to mechanics for analogous use, must be a very meritorious case of benefit to the art to justify a patent. Hug v. Lakewood Engineering Co. (C. C. A.) 7 F.(2d) 98. In the instant case, however, not only is the substituted device not found in closely analogous arts, but the record here shows, to our minds, a very meritorious case of benefit to the art. Indeed, defendant's complete adoption of the Thompson device as an article of manufacture and sale is a cogent admission of its usefulness, and thus of its benefit to the art.

Nor, under the facts of this case as already set forth, are we impressed that the decision of this court in the Crown Cork & Seal Co. Case, 217 F. 385, has any controlling application. The situation here is much broader than assumed by defendant.

Upon analogous principles, we find in the decisions of this court in the Troy Wagon Works Co. Case, 274 F. 612, and Frey v. Marvel Auto Supply Co., 236 F. 916, nothing opposed to the views we have herein expressed.

Defendant's counsel stresses the fact that in the opinion of the Board of Examiners in Chief of the Patent Office it was said that in the absence of teaching by prior patents that the oscillating type of piston is advantageous for use in places where but little pressure is obtainable, applicant should be given the benefit of the doubt. We see upon this record no sufficient reason why the applicant should not have been given the benefit of such doubt as may have existed.

We are not impressed that any of the claims of the Thompson patent are aggregational. Each relates to a unitary machine for windshield cleaning. The elements of the combination coact to produce a new and useful result, and not a mere aggregation of several results. Egry Register Co. v. Standard Co. (C. C. A. 6) 267 F. 186, 191.

Nor are we impressed that Thompson's device is shown not to be commercially successful. In the last analysis, we think the record on that subject practically means only that the patent drawings fail to show any soft packing between the shaft and casing cover, which would be needed adequately to seal the leakage of air therebetween and prevent excessive friction. Patent drawings are not usually working drawings, and the record does not convince us that the use of such packing would not readily occur to a competent mechanic in the actual building of the machine. As put on the market, success commercially seems beyond question.

Defendant admits infringement if the claims are valid. It contends, however, that the patent is sustainable only by limiting the claims to the exact features or changes made in Thompson's motor-actuating device over the prior art; and that, if so limited, infringement does not exist. It follows from what we have said that we think the claims should not be so limited.

We fail to find anything in the trial court's action in expediting the record which can be regarded as supporting an opinion, for the purposes of this case, that the Thompson motor was old, or as justifying a remand for further proof. The prior art record seems sufficiently before us.

■ Defendant contends that plaintiff has failed to prove unfair competition, for lack of proof that defendant palmed off its goods upon the public as the goods of plaintiff, or attempted or intended so to do. Defendant stresses the opinion of this court in Rathbone, Sard & Co. v. Champion Steel Range Co., 189 F. 26, 37 L. R. A. (N. S.) 258, which involved an unpatented structure, and not unfair competition in aggravation of patent infringement. In the instant case the District Court saw and heard all the witnesses. In his written opinion he said: "The patent being valid, it follows almost inevitably, from the similarity of the parts, their method of assembly, the external resemblance of the defendant's device with that of the structure made under the authority of the patent, extending even to the interchangeability of the two structures upon windshields drilled for the one, that unfair competition is fully disclosed by the record. The patent in suit is found to be valid and infringed, and such infringement to be wanton and deliberate. * * * *"

This conclusion should be accepted by us unless the evidence decidedly preponderates against it. The Martin Mullen (C. C. A. 6) 260 F. 916, 922, and cases there cited. We see no inconsistency between that case and the Rathbone, Sard & Co. Case, supra. While we are not now prepared to say that the evidence preponderates against the conclusion of unfair competition, as distinguished from mere infringement, we find it unnecessary at this time to pass upon that question, which may become unimportant in case the master shall find no damages resulting to plaintiff from the sale by defendants of windshield cleaners resembling in appearance and dress the windshield cleaners of plaintiff, and inasmuch as in the absence of the master's report we cannot consider the question of increased damages. Upon the master's accounting either party may introduce such further evidence as it desires upon the question of unfair competition.

■ 2. Case No. 5125. Refusal to vacate the order of preliminary injunction. This appeal involves no question of validity or infringement of any patent but the Thompson patent No. 1,522,344, involved in case No. 5084. The sole question here is whether the refusal to vacate the preliminary injunction was clearly an improvident exercise of discretion; the rule being that the order should not be disturbed unless it clearly appears that the court below has exercised its discretion

upon a wholly erroneous conception of pertinent facts or law. Crescent Specialty Co. v. National Fireworks Distributing Co. (C. C. A. 6) 219 F. 130. In that case we said: "Where plaintiff's title to a patent is clear (as is the case here), and the record shows a fair probability that the patents are valid, and there is a sufficient showing of public acquiescence therein,· and that infringement exists, the same considerations relating to the exercise of discretion in issuing injunctions in patent causes pertain as in equity causes generally; that is to say, injunction should be granted or withheld according as, upon a balancing of convenience and inconvenience, seems necessary to the * * * rights of the parties."

The situation presented is no more favorable to defendants than if we were considering an appeal from the order for preliminary injunction. The specifically controlling question is: Did the District Court, in refusing to set aside its preliminary injunction, fail to apply well-settled principles of law to a conceded or indisputable state of facts? Cf. Winchester Repeating Arms Co. v. Olmsted (C. C. A. 7) 203 F. 493. We think this question should be answered in the negative.

█ In view of the conveyance by the Perfection Products *Company* of its assets to the Perfection Products *Association;* and the connection of defendant Kritz with both associations and with the transfer of assets in question, it was, to say the least, within the judicial discretion of the trial judge to entertain the motion for preliminary injunction, based upon a bill which sought to bind the defendants by the decree in the former case. It seems to be of no practical importance whether or not Kritz was actually served with the injunction in the principal case. When the decree was made finding the Thompson patent valid and infringed and unfair competition established, and awarding permanent injunction, Kritz was a party defendant thereto.

█ The motion to set aside the order of injunction, and the appeal from the decision thereon, were based generally: First, upon a contention that the Thompson patent was invalid and the decree to the contrary erroneous, and (at least inferably) not binding on the present defendants. Second, an affidavit of a patent engineer that in principle of operation the device disclosed by the Hull patent (on rotary steam engine), already referred to herein, is the same as that of the Thompson windshield cleaner of patent No. 1,522,344; also that vane types of piston, both with and without adjustable means for maintaining a tight joint, at the rock shaft end of the piston, also with and without passages therein ·for introducing and ejecting fluid pressure, had been used in motor devices of various kinds for actuating all sorts of apparatus for more than a quarter of a century, citing the Greer reciprocating engine patent we have already referred to, as well as a large number of other patents, nearly all of which were introduced as exhibits on the hearing below of case No. 5084, and containing arguments against the validity of the Thompson patent last referred to. Third, the affidavit of A. G. Lodewyck, a mechanical engineer, that in the year 1912 he made and/or invented a fluid pressure motor having a swinging vane-type piston, an oscillating shaft, automatic valve mechanism for the purpose of alternately allowing the pressure to be applied directly to one side of the piston and then upon the other side,· and preferably by either high or low pressure; that he several times applied for patents on his invention and variations thereof, his applications being rejected as lacking patentable invention, as distinguished from merely structural changes. A motor said to have been made in 1912 was introduced with the affidavit, and alleged to have been ever since continuously in the affiant's possession; and that in 1919 or 1920, he "conceived the idea" of substituting his earlier type of motor for "those then in use," apparently intending to include a windshield wiper which had the reciprocating type of piston, operating by fluid pressure obtained by employing a conduit connection to the intake manifold of the internal combustion engine, but did not manufacture such device because of the fact that his application for patents on his earlier device had been rejected as not involving invention, and he was advised by competent counsel that a patent on the combination would not be valid. To say the least, this affidavit does not amount to proof of anticipation so clear, satisfactory, and beyond reasonable doubt, as to make the refusal to set aside the preliminary injunction an improvident exercise of discretion. Cf. The Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154. Defendant's counsel say of the Lodewyck device that it was admittedly designed primarily for water pressure operation in driving automatic clothes washing machines. There is no claim that it was a combination motor and· windshield wiper. We have not here discussed each specific allegation of the affidavits, or each item of counsel's argument, but we have considered all of them. We think these affidavits fail .to throw any appreciable

new light upon the question of invention in the Thompson patent No. 1,522,344, and that they are, at the most, merely cumulative of the testimony introduced before the district judge, who had heard oral testimony, not only by laymen, but by expert mechanical engineers, bearing upon the value and effect of the prior art. We think defendant's motion was submitted to the reasonable discretion of the trial judge, which we have no reason to believe was abused.

It follows that in No. 5084 the decree of the District Court should be affirmed so far as concerns the adjudication of validity and infringement of patent, and without prejudice to the power of the court on the coming in of the master's report, upon the court's own motion or at the request of either party, to consider further the question of unfair competition.

In No. 5125 the denial of motion to set aside the preliminary injunction should be affirmed.