## WILLETT MFG. CO. et al. v. ROOT SPRING SCRAPER CO.

### DEAN et al. v. WEEKS et al.

### Nos. 5907, 5908.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1932.

Frank E. Liverance, Jr., of Grand Rapids, Mich. (Harold O. Van Antwerp, of Grand Rapids, Mich., on the brief), for Willett Mfg. Co.

Fred L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for Root Spring Scraper Co. et al.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

No. 5907 is an appeal from a decree of the District Court finding claim 4[1] of patent No. 1,750,610, issued March 11, 1930, upon application of Ernest A. Weeks, valid and infringed. In No. 5908, the complainant below, the defendant in the infringement suit, appeals from a decree refusing to "adjudge that such applicant is entitled, according to law, to receive a patent" (Rev. St. § 4915, 35 U. S. C. § 63 [35 USCA § 63]) for the combination set forth in certain broad generic claims which had been the subject of interference proceedings in the Patent Office, and which are sufficiently described by saying that they cover all use of hydraulic means for raising or lowering the blade of a road scraper. We first dispose of cause No. 5908.

A large portion of the record and much of the briefs are devoted to questions of priority of invention as between the parties to the interference, reduction to practice, carrying the date of invention back to the date of conception, application of the doctrine of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, and related matters. These are interesting questions, but their decision is unnecessary in the instant case. The use of mechanical means for raising or lowering the blade of a road scraper is almost as old as the use of such scrapers. Invention may be exercised in devising a specific form of hydraulic means for accomplishing this end, just as in improving the mechanical means for doing so; but merely substituting hydraulic, pneumatic, or electrical means for the former manually operated mechanical means, is but the substitution of one well-recognized source of power for another, and ordinarily is not broadly patentable. An exercise of the inventive faculty is not required to conceive, without more, that such substitution may be made. Tom Houston Mfg Co. v. Clyde Iron Works, 32 F.(2d) 558 (C. C. A. 6).

It is true that where the availability of the old device to use in the new environment is not obvious, either because of intrinsic differences in the quality of the operation to be performed, or because the relationship between the two arts or fields of use is remote, invention may be found in the mere concept of such availability to useful service in the new and different environment (Herman v. Youngstown Car Mfg. Co., 191 F. 579 (C. C. A. 6); and compare National Cash Register Co. v. Boston Cash Indicator Co., 156 U. S. 502, 514, 15 S. Ct 434, 39 L. Ed. 511); but this principle is inapplicable here. The field of use is essentially the same whether the work performed be raising an elevator, a dump truck body, or a scraper blade. In this sense the relationship between the arts is not remote. Choice of one or another of the available types of power, apart from the specific means by which such power unit is adapted to the new use, is well within the domain of selection open to the public. Beck-Frost Corp. v. Ford Motor Car Co., 44 F.(2d) 519 (C. C. A. 6). The validity of the patent must then depend upon the existence of a true combination in the specific means disclosed; and an exercise of the inventive faculty is to be found, if at all, in the changes in the old device necessary to adapt it to the new use, and which therefore and thereby produce the new combination. Potts v. Creager, 155 U. S. 597, 606, 15 S. Ct. 194, 39 L. Ed. 275; Kendall v. Trico Products Corp., 31 F.(2d) 522, 524 (C. C. A. 6). Since a valid patent could not issue for the generic claims in interference, the complainant in the District Court was rightly denied relief under Rev. St. § 4915. The court will not perform a wholly vain act. This decree is affirmed.

Passing to appeal No. 5907, it is at once apparent from what we have said that claim 4 cannot be given a broad generic construction. From the very nature of the inventive step the patentee is entitled to but a comparatively narrow range of equivalents: Doubtless a claim which is susceptible to so broad a construction as to invalidate it may often be saved from invalidity by limiting it to substantially the structure disclosed by the specification; but even in such

---

[1] "4. In an actuating means for road scrapers, the combination of a rockshaft, a scraper carried thereby, a hydraulic cylinder with double acting piston, connections from the said piston for operating the said rockshaft, a geared power pump connected to and associated with the said cylinder, an electric motor connected with said power pump, a switch means in the cab for controlling the said motor, a shut off means for the said hydraulic cylinder to cut off the cylinder when the motor is stopped, as specified."

case the mode of operation, the means by which the broad generic principle is operatively applied, is of controlling importance. Cf. Merit Oil Equipment Co. v. Fry Equipment Corp., 48 F.(2d) 488 (C. C. A. 6), and Directoplate Corp. v. Donaldson Lithographing Co., 51 F.(2d) 199 (C. C. A. 6).

Applying this thought to the case at bar, if the patentee be not entitled to claim a monopolistic right in the use of all hydraulic means for raising or lowering the scraper blade (and such hydraulic means would include a hydraulic cylinder with double-acting piston, pump, motor, connections, etc., for these are the customary devices for applying hydraulic power), and if the inventive step is to be found only in the association of the several elements which, in the environment of such power unit, is new, the defendant cannot be held to infringe unless he has appropriated the substance of that invention; unless the elements which give novelty to the combination, or their substantial equivalents, are also found in the defendant's device.

The patent in suit discloses a combination of operating elements which for the purposes of this opinion we assume to be new and useful, and to evidence invention. These elements are a reversible electric motor, a rotary pump, a shut-off valve at one end of the hydraulic cylinder, and a switch in the cab, which, as a single moving part, controls both the shut-off valve and the motor, and therefore also the pump.[2] Defendant's device operates upon a substantially different principle. The motor is not reversible, and the pump is constructed and adapted to drive the fluid only in one direction. The flow of the oil to one end or the other of the hydraulic cylinder is controlled by a four-way valve

manually operated from the cab, and separate from the switch which controls the motor. It is true that each device has a hydraulic cylinder, an electric motor, a pump, and a valve or valves which shut off the cylinder to hold the blade in the desired position, but these elements are all inherent in the very use of every hydraulic power unit. They are not new in the environment of such a power unit. They add nothing to the novelty of association of elements. The elements which we are assuming were combined for the first time in the device of claim 4 are absent from defendant's mechanism. The claim may read, literally, upon the defendant's device, but to save it from invalidity it must be read in the light of the specification as calling for those elements which alone would give it novelty; and, when so read, it is not infringed.

The District Judge was of the opinion that the unidirectional pump and motor and four-way valve of the defendant were the mechanical equivalents of the patentee's reversible motor and pump and his shut-off valve. That both combinations accomplish the same function of raising and lowering the scraper blade by hydraulic means cannot be denied, but, as we have said, neither this result nor the use of hydraulic means, as such, was patentable. This was to give entirely too broad a meaning to the term "equivalent," which should not be held to include that which operates in a substantially different manner as well as being substantially different in structural characteristics. Burr v. Duryee, 1 Wall. 531, 572, 17 L. Ed. 650; Westinghouse v. Boyden Power Brake Co., 170 U. S. 537, 568, 18 S. Ct. 707, 42 L. Ed 1136; Directoplate Corp. v. Donaldson Lithographing Co., supra.

It follows that the decree of the District Court (Appeal No. 5907) must be reversed and the cause is remanded, with instructions to dismiss the bill on the ground of noninfringement.

No. 5907, reversed; No. 5908, affirmed.

[2] The specification describes the operation of these parts as follows: "When it [the switch] is moved to either forward or reverse the valve is opened so that the pump can drive the oil from one end of the cylinder 12 to the other and actuate the piston to control the scraper. Automatically the valve is closed when the current is cut off and the pressure is maintained in the left-hand end of the hydraulic cylinder," thus holding the blade in place.