## FRUEHAUF TRAILER CO. v. HIGHWAY TRAILER CO.

### No. 6292.

Circuit Court of Appeals, Sixth Circuit.

Nov. 17, 1933.

Frank Parker Davis, of Chicago, Ill., and S. C. Barnes, of Detroit, Mich. (Lacey Laughlin and Barnes, Kisselle & Laughlin, all of Detroit, Mich., on the brief), for appellant.

J. F. Robb, of Cleveland, Ohio (Harry C. Robb, Sr., of Cleveland, Ohio, and Clarence B. Zewadski and Whittemore, Hulbert, Whittemore & Belknap, all of Detroit, Mich., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This is the ordinary patent infringement action in which appellant originally sued appellee for the alleged infringement of five patents. The issues have now been contracted to those of validity and infringement of claims 2 and 8 of patent No. 1,374,352, granted April 12, 1921, upon application of A. J. Borst, Jr., and claims 1, 4, and 22 of patent No. 1,383,381, issued July 5, 1921, also upon application of A. J. Borst, Jr. Both patents relate to six-wheel or semitrailers, in the motortruck art, in which a two-wheeled trailer body is coupled at its forward end to a four-wheeled tractor. The two patents will be referred to as Borst's first and his second patent. The first patent is directed principally to a specific form of coupling means, while the second covers a means or device, carried by the trailer body, whereby a wheeled support for the forward end of the trailer body may be lowered before the tractor is uncoupled, and raised out of the way and to a convenient position when the tractor is being, or has been, recoupled.

There is not a great deal of difference between claims 2 ar    ° patent No. 1,374,352, and we shall theref  .e consider only claim 2 because a disclaimer was filed in connection with it, and none was filed applicable to claim 8. Both the claim and the disclaimer are printed in the margin.[1] Claim 22 of the

second patent is typical of the three claims of that patent in suit, as they stood before the filing of another disclaimer on May 8, 1931, and we therefore also select that claim for discussion because, of the claims in suit, the disclaimer in question affects it only. This claim, with the disclaimer applicable thereto, is likewise printed in the margin.[2] The District Court held the disclaimers invalid as to both patents, that the claims of the first Borst patent, as unaffected by the disclaimer, were invalid in view of the prior art, and that the claims of the second patent, similarly considered with reference to the disclaimer, were not infringed. 54 F.(2d) 691.

We quite agree with the views expressed by the learned trial judge upon the subject of the disclaimers. The enactment of Rev. St. § 4917 (35 USCA § 65), was never intended to permit the revamping and rephrasing of claims to the end that they might cover structures upon which they did not before read, or to the end that, by the addition of a new element in combination, the disclaimer might validate a claim which would otherwise be invalid under the prior art. This is not limiting the combination already claimed; it is in effect claiming a new and a different combination. General Motors Corp. v. Rubsam Corp., 65 F.(2d) 217 (C. C. A. 6); Linville v. Milberger, 34 F.(2d) 386, 390 (C. C. A. 10); Albany Steam Trap Co. v. Worthington, 79 F. 966, 969 (C. C. A. 2). The function of a disclaimer is well stated in the leading case of Hailes v. Albany Stove

---

has a projecting part which, as the tractor backs into the trailer, enters between spaced portions of the engaging surfaces on the other engaging member to guide and allow fore and aft movement of the engaging members to and from final coupling relation by relative fore and aft tractor-trailer movement only, and in which the engaging members cooperate in an automatic elevation of the front end of the trailer as the tractor backs into it in coupling, and an automatic lowering of the front end of the trailer as the tractor pulls away from it in uncoupling."

[2] "22. Supporting mechanism for trailers, comprising guide members, slide members carried by said guide members, a supporting member pivotally connected to said guide member and adapted for vertical swinging movement, said supporting member having traction wheels or rollers at its lower end, and cooperating means on said guide and slide members for guiding said supporting member in its swinging movements and for causing said supporting member to swing when said slide members are actuated."

To the above the assignee of the patent disclaimed "all supporting mechanism claimed in claims 18, 19, and 22, except that in which the slide members are adapted to be actuated by a portion of the tractor when the same is backed under the forward end of the trailer to thereby move the slide members rearwardly and cause the supporting member to be moved upwardly into inoperative position."

---

[1] "2. The combination of a tractor having a platform normally inclined rearwardly, a coupling member on said platform, a trailer having a skid-like member adapted to be engaged by the upper face of said platform when said platform is moved backwardly underneath the front end of said trailer, said skid-like coupling member being adapted to swing said platform into horizontal position when said platform is moved underneath said trailer, and means for connecting said coupling member."

To the above the assignee of the patent disclaimed: "All tractor-trailer combinations, as claimed in claim 2, except one in which one engaging member

Co., 123 U. S. 582, 587, 8 S. Ct. 262, 265, 31 L. Ed. 284. It must cover "a separate claim in a patent, or some other distinct and separable matter, which can be exscinded without mutilating or changing what is left standing." It cannot be used to change the character of the invention, or, in effect, to make for the patentee a new patent. This is fundamental. As to the distinction between disclaimer and reissue, we approve and adopt the position of the Circuit Court of Appeals for the Second Circuit that such "distinction is between disclaiming a part separated in the patent itself as opposed to something comprehended in its general language." Grasselli Chemical Co. v. National Aniline & Chemical Co., 26 F.(2d) 305, 310 (C. C. A. 2). Compare also Corn Products Ref. Co. v. Penick & Ford, 63 F.(2d) 26, 30 (C. C. A. 7); Strause Gas Iron Co. v. William M. Crane Co., 235 F. 126, 130 (C. C. A. 2); Hudson Motor Car Co. v. American Plug Co., 41 F.(2d) 672 (C. C. A. 6).

■ Tested by these standards, both disclaimers are invalid. That to the first patent disclaims matter which is not separated in the patent itself, and which in fact is not expressly referred to in the patent, and its obvious purpose is to add to the claim description the structural feature that the horizontal level of the platform upon the tractor shall be slightly higher than the plane of the lower surfaces of the "skid-like member" when the trailer is uncoupled, whereby the supports which hold up the forward end of the trailer body, when so uncoupled, are raised slightly from the ground by the coupling operation itself, and may be lowered, before uncoupling, to receive the weight of the trailer body when the uncoupling operation is completed. There is nothing in the claims or in the specification to show that Borst did not have in mind an organization of elements analogous to that found in the French patent to Jagenberg, No. 355,154, June 10, 1905, where the planes of the fifth wheel coupling elements upon the tractor and the trailer are held at substantially the same height both when coupled and when uncoupled.

In view of the many patents in this art applying the principle of automatic elevation of the forward end of the trailer at the time of coupling (see, for instance, patent to Pescatore, No. 1,084,820; patent to Winn, No. 1,249,705; and patent to Byron, No. 1,175,046), the then common use of the rocking or tilting fifth wheel as an element of the coupling means, the use of the broad, tilting coupling platforms of the Knox and United Tractor semitrailers, and the guides upon the split fifth wheel of Jagenberg, it may well be doubted whether anything more than moderate mechanical ability was required to make a judicious selection of those means of the prior art which would best serve the purposes for which they were desired, including the automatic elevation of the forward end of the trailer by its riding up on the tractor platform, and to thus assemble them in one practical structure; or whether a patent claiming the combination of all these elements broadly in terms of function would have been valid. We have too often held that such a selection and assembling of prior art devices in one structure did not require an exercise of the faculty of invention. See Newcomb, David Co., Inc., v. R. C. Mahon Co. (C. C. A.) 59 F.(2d) 899, and cases there cited, and Remington-Rand, Inc., v. Master-Craft Corp. (C. C. A.) 67 F.(2d) 218, decided October 13, 1933. But, whether or not invention could be spelled out of the use of certain specific old elements in connection with an elevation of the forward end of the trailer when coupling, it is clear that claims 2 and 8 of patent No. 1,374,352 disclosed no novelty over the prior art without the aid of the disclaimer, and that such disclaimer was ineffective to validate these otherwise invalid claims.

■ We are likewise in entire accord with the District Court in the finding of lack of infringement of claims 1, 4, and 22 of Borst's second patent. While the defendant's semitrailers employ a device for raising and lowering wheeled supports for the forward end of the trailer when uncoupled (see patent to Helms, No. 1,783,087), and while this device has a "slide member" operating in a guide by which the supporting members may be raised and lowered, plaintiff's and defendant's devices operate upon wholly different mechanical principles. Obviously, the mere use of the tractor's power to operate the device, thus making the coupling and uncoupling operations more completely automatic, does not add anything at all to the patentability of the mechanical means for raising and lowering the supports. Not only could this new element not be added by disclaimer, but invention would not be required to use this type of power in this environment. Cf. Tom Huston Mfg. Co. v. Clyde Iron Works Sales Co., 32 F.(2d) 558 (C. C. A. 6); Willett Mfg. Co. v. Root Spring Scraper Co., 55 F.(2d) 858 (C. C. A. 6). The disclaimer, therefore, does not, and could not even if valid, affect the question here raised. The particular rule with which we are concerned,

however, is that that which involves a different mechanical principle, which operates in an entirely different manner, and whose elements are not even reasonably close equivalents of those of the patent in suit, in form or in function, cannot be held to infringe, although the ultimate result achieved is the same. Directoplate Corp. v. Donaldson Lithographing Co., 51 F.(2d) 199, 202 (C. C. A. 6). Compare also Sanitary Refrigerator Co. v. Winters, 280 U. S. 30, 42, 50 S. Ct. 9, 74 L. Ed. 147. It is on the application of this principle that we find want of infringement in the present case.

The decree of the District Court is therefore affirmed.