**ROOT SPRING SCRAPER CO. v. WILLETT MFG. CO. et al.**

No. 7209.

Circuit Court of Appeals, Sixth Circuit.

June 3, 1936.

F. L. Chappell, of Kalamazoo, Mich. (Chappell & Earl, of Kalamazoo, Mich., on the brief), for appellant.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a decree dismissing a suit for infringement of the Weeks patents Nos. 1,858,213 and 1,858,214, both relating to road scrapers. The decree is attacked on the ground that it is inconsistent with a decree of the same court affirmed by this court in Willett Manufacturing Co. v. Root Spring Scraper Co., 55 F.(2d) 858, 859.

Weeks, assignor of the appellant, and Dean, an employee of the appellee, both applied for patents in 1928 on road scrapers. Interferences were declared in the Patent Office: One on counts which are now claims 6 and 7 of No. 1,858,213, and the other on counts now claims 2, 3, 6, and 7 of No. 1,858,214. The interferences were consolidated and heard by an examiner, who decided priority in favor of Weeks. The Board of Appeals of the Patent Office sustained the examiner's decision. Dean gave notice of appeal to the Court of Customs and Patent Appeals, and thereupon Weeks elected to have the proceedings continued as one instituted in a district court under section 63 of 35 U.S.C.A. Dean then filed a bill in equity in the District Court for the Western District of Michigan, praying for a decree directing the Commissioner to issue a patent on his application. Weeks

was made a party, the cause was heard, and a decree entered adjudging priority to Weeks and that he was entitled to receive patents for the invention specified in his claims of interference. In the meantime patent No. 1,750,610 for a road scraper had been issued to Weeks and a suit for infringement thereof brought against appellees herein in the Western District of Michigan. On the hearing of that case the patent was held valid and infringed. Appeals were taken in both cases and heard together. In No. 5907, the infringement case, this court, intimating that the patent was invalid without so holding, reversed the decree, holding that there was no infringement. In No. 5908, the interference case, the court did not pass on the question of priority, but held that a valid patent could not issue on the appellant's claims in interference, and affirmed the decree. On petition for rehearing the court re-examined the claims and reiterated its view, as expressed in the original opinion, that the claims covered "all use of hydraulic means for raising or lowering the blade of a road scraper," but added that that finding was without prejudice to the rights of Weeks and his assignor in respect to their claims involved in the interference proceeding, as the "judgment of this court" was limited to a denial to appellants of the relief sought under the statute. Thereafter the Patent Office issued the patents in suit, certain claims of which, as indicated, are identical with counts in interference in the original Patent Office proceeding. The trial court held that the remaining claims in suit were not substantially different. We think that view is correct.

The argument of appellant is that the decree in the interference case was an adjudication of priority implying validity of the claims, which, when acted upon by the Patent Office by the issuance of patents, foreclosed the question of validity. It relies on Radio Corp. v. Radio Engineering Laboratories, 293 U.S. 1, 55 S.Ct. 928, 929, 79 L.Ed. 163, where the court stated that for the purpose of any controversy between the opposing claimants, Armstrong and DeForrest, "the validity of the patents must be accepted as a datum." In that case there was no question of patentability as between opposing claimants, but only a question of priority. We think it is not controlling in the circumstances here to be dealt with.

In the interference case here in question the District Court assumed patentability and decided the case on the ground of priority, issuing a decree granting priority to Weeks. Our decision did not pass on the question of priority but considered the validity of the claims, as it was our duty to do (Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502), and held that they were not patentable. The court might and should have set aside the decree, so far as it directed the issuance of patents to Weeks, and entered a new decree, directing that the application of Dean be dismissed. Its failure to do so, however, does not affect its holding on the point considered, that is, the invalidity of claims substantially like those here in suit. We adhere to our view as expressed in that opinion that such claims are not patentable. Dean raised the question of their patentability in the Patent Office proceeding and also in the interference case in the District Court. The appellees are not estopped from relying on it in this proceeding. Holliday v. Pickhardt (C.C.) 29 F. 853; Stoody Co. v. Mills Alloys, 67 F.(2d) 807 (C.C.A.9); Paramount Publix Corp. v. American Tri-Ergon Corp., 294 U.S. 464, 476, 55 S.Ct. 449, 79 L.Ed. 997.

The decree dismissing the bill is affirmed.