### VEAUX v. SOUTHERN OREGON SALES, Inc.

No. 9638.

Circuit Court of Appeals, Ninth Circuit.

Nov. 13, 1941.

Rehearing Denied Jan. 5, 1942.

MacCormac Snow and W. Elmer Ramsey, both of Portland, Or., for appellant.

A. E. Reames, of Medford, Or., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant sued appellee alleging infringement of his patent by appellee. The court below entered a judgment for appellee adjudicating the patent sued on to be invalid. D.C., 33 F.Supp. 605, 606.

The type of box which has long been used in the Pacific Northwest for packing apples and pears is a box having two thick ends which do not bulge, two sides, of a thickness which permits slight bulging, a thin top adapted to permit it to bulge in conformity with the contents, and a thin bottom, which bulges somewhat less than the top.

The following excerpt from appellant's brief shows the nature of the patent in issue:

"Mr. Veaux' conception was the combination of this box with two spacing cleats, one at each end of one side only and at right angles to the bulging top and bottom.

"Such a box could rest on these cleats or legs and other boxes could be stacked there-on without crushing the fruit pressed between the bulging top, bottom and side members. The uncleated side could be used for moving the boxes along gravity rollers * * *"

Appellant claimed to have conceived the invention in 1925, but did not actually make a box embodying it until 1928. In 1929 appellee began to make wide use of such a box.

Appellant filed an application for a patent on January 22, 1930. On February 10, 1930, one Ridley, assignor of appellee, filed an application for a patent. The disclosures in each application were substantially identical. Appellant abandoned his first application, and filed another on October 12, 1931. An interference resulted, which proceedings were not terminated until 1935 when appellee abandoned the application of Ridley. Prior to that time appellee had strongly argued that the combination was patentable. Patent No. 2,002,102 issued to Veaux, on May 21, 1935, based on his second application.

Appellant filed this action in December, 1936, to recover for alleged infringement of his patent by appellee.

The trial court held that because of the delay from conception in 1925 to the filing of the first application in 1930, laches was established sufficient to void the patent; that the prior art negatives novelty, and invention; that to protect the public against such an unlawful monopoly, the court would not hold appellee to be estopped from claiming invalidity of the patent. Judgment was entered to that effect, and this appeal followed.

Among the exhibits sent here are 27 patents dealing with boxes containing cleats, the first issued in 1873, and the last in 1929. It is unnecessary to notice each of them, but we may say in summary that cleats have been used for the following purposes among others: as handles; to hold the box together; to aid circulation of air when the boxes were stacked; to prevent bulging; to prevent wear; and to enable one to stack boxes with bulging sides. The fact that in some boxes, the top, bottom, and sides bulge is also made clear.

Appellee points to this history to show that the patent in issue is void for lack of invention. We agree with that contention. Patent No. 1,160,681 issued November 16, 1915, to Williams discloses a fruit box with a bulging top having cleats at each end of the top, and specifically mentions stacking the boxes on their sides which are not shown

therein with cleats. Patent No. 1,412,361 issued on April 11, 1922, to Lippman discloses a box having a bulging top with a cleat on each end of the top and bottom, so that when stacked, the bottom cleats of one box would rest on the top cleats of another box, so that the bottom of the first box would not rest on the bulging top of the second box, and at the same time circulation of air between the two boxes would be possible. Veaux simply used the same principle but applied it to the side of the box so that the boxes could be stacked on their sides as Williams had previously done. In other words, Veaux merely moved the cleats to the side of the box, and stacked them on their sides. We think that such a course of action was not invention, but one which would occur to those skilled in the art.

The principal point here, however, arises from appellant's contention that appellee is estopped from denying validity of the patent, because of its conduct in (1) urging patentability of the alleged invention and of the five claims allowed in the Veaux patent; (2) leading Veaux to believe that the only contest possible was between Veaux and appellee as to priority; (3) unjustifiably changing its position in regard to the Veaux claims, and then defaulting upon proof of Veaux' prior conception; and (4) by extending the "hindrancy" of the interference for two years.

While a few cases suggest in dicta that an estoppel to deny validity of the patent in issue might arise if other facts were present,[1] such cases actually deny application of the doctrine of estoppel. Practically all cases, for various reasons, have refused estoppel in cases like this.[2] In fact, we have found but one case where a party has been held estopped from asserting invalidity of the patent (Uihlein v. General Electric Co., 7 Cir., 47 F.2d 997, 1005), but estoppel was there invoked because the issue of invalidity was not suggested until the appeal. Allbright-Nell Co. v. Autosteam Process Co., 7 Cir., 70 F.2d 959, 961. Such is not the case here.

■■ The fact that appellee may be now taking a position inconsistent with a former position, is not by reason of the inconsistency, a sufficient reason for applying an estoppel. Paramount Corp v. Tri-Ergon Corp., 294 U.S. 464, 477, 55 S.Ct. 449, 79 L. Ed. 997. If estoppel in pais could be applicable in such a case as this, a point we do not decide, the elements of such an estoppel must be present before it can be applied. For the elements, and statements of the doctrine, see James v. Nelson, 9 Cir., 90 F. 2d 910, 917, certiorari denied, 302 U.S. 721, 58 S.Ct. 41, 82 L.Ed. 556.

■ Here, there is no basis for an estoppel. Appellee could not have led appellant to believe his patent was valid because no patent was issued until after the conduct complained of. Moreover, appellee's conduct could be said to induce appellant to believe only that appellee contended the alleged invention was patentable. Appellant had no right to believe appellee was correct, to the exclusion of what the prior art plainly disclosed. In addition, appellant could not have changed his position or taken a different position to the one he actually took, in reliance upon any conduct of appellee. He took the position that the alleged invention was patentable before any of the conduct complained of occurred, by filing his application, and could not have done so by reason of any conduct of appellee. He, thereafter, at no time, changed that position, and actually asserts the same view here. Under these circumstances, we think there can be no estoppel urged here.

Affirmed.

---

[1] McCarty v. Lehigh Valley Railroad Co., 160 U.S. 110, 120, 16 S.Ct. 240, 40 L.Ed. 358; Holliday v. Pickhardt, C.C. N.Y., 29 F. 853, 859.

[2] Paramount Corp. v. Tri-Ergon Corp., 294 U.S. 464, 477, 55 S.Ct. 449, 79 L. Ed. 997; Haughey v. Lee, 151 U.S. 282, 285, 14 S.Ct. 331, 38 L.Ed. 162; Stoody Co. v. Mills Alloys, 9 Cir., 67 F.2d 807, 811; National Mach. Co. v. Wheeler & Wilson Manufg. Co., 2 Cir., 79 F. 432, 441, certiorari denied, 166 U.S. 722, 17 S.Ct. 997, 41 L.Ed. 1188; McCloskey v.

Toledo Pressed Steel Co., 6 Cir., 30 F.2d 12, 14; Root Spring Scraper Co. v. Willett Mfg. Co., 6 Cir., 84 F.2d 42; Kellogg Switchboard & S. Co. v. Michigan Bell Tel. Co., 6 Cir., 99 F.2d 203, 205; Allbright-Nell Co. v. Autosteam Process Co., 7 Cir., 70 F.2d 959, 961; Steel Protected Concrete Co. v. Central I. & C. Co., C.C.La., 155 F. 279, 285; Holliday v. Pickhardt, C.C.N.Y., 29 F. 853, 859; Lipper Manufacturing Co. v. American Brand Trimming, D.C.N.Y., 54 F.2d 786, affirmed, 2 Cir., 54 F.2d 787.