## PAUL E. HAWKINSON CO. v. WILCOXEN.
### No. 204.

District Court, E. D. Kentucky.

Feb. 24, 1944.

Merchant & Merchant, of Minneapolis, Minn., and Wm. L. Wallace, of Lexington, Ky., for plaintiff.

L. O. Thompson, of Lexington, Ky., for defendant.

FORD, District Judge.

The plaintiff charges defendant with infringement of claim 1 of Patent No. 1,917,262 and of claims 1 and 6 of reissue patent No. 21,956. The defenses are that the patents are invalid and denial of infringement.

Since the principles of patent law applicable to the facts disclosed by the record are well established and have been elucidated in many opinions of the higher courts, nothing more seems to be here called for than a statement of findings and conclusions in conformity with Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The court finds the facts and separately states its conclusions of law thereon, as follows:

### Findings of Fact

1. Patent No. 1,917,262 for an alleged improvement in apparatus for retreading worn automobile tire casings was granted to Paul E. Hawkinson on July 11, 1933, upon an application filed December 20, 1932.

2. Reissue patent No. 21,956 relating to an alleged improvement in the method of retreading automobile tire casings was granted Paul E. Hawkinson November 25, 1941, upon application filed August 15, 1941.

3. The plaintiff, Paul E. Hawkinson Company, a corporation, assignee of Paul E. Hawkinson, is the owner of both patents in suit.

4. The defendant's apparatus, as exhibited and described in the record, and his method of operation are substantially identical with the plaintiff's apparatus and method and constitute infringement thereof, if plaintiff's patents are valid. Such slight changes or variations as the defendant indicates in his device are merely colorable.

5. The applications, upon which the patents in suit were issued, do not distinct-

ly or specifically disclose what the applicant claimed to be his invention or discovery as distinquished from what went before in the art and do not "clearly circumscribe what is foreclosed from future enterprise." Reading the description of the device and method as set out in the respective claims, together with the specifications and the general statements contained in the applications, there is still left a "zone of uncertainty" as to the particular features of the apparatus and method which the applicant claimed to be his discovery or invention. No adequate notice was given the public by the applicant for these patents that, as plaintiff now asserts, his invention was claimed to reside in the combinations as such.

6. Claim 1 of the apparatus patent describes a tire treading mold combining the following elements or features: (1) integral construction; (2) cylinder-like in shape; (3) made of relatively thin metal; (4) formed near its opposite edges with cross-sectionally U-shaped inwardly extending unbroken tread material confining flanges spaced a distance slightly greater than the width of a tread to be applied to the crown portion of a tire, being free of tire sidewall engaging portions; (5) having U-shaped inwardly extending tread design forming surfaces between the opposite confining flanges; and (6) having a heating means extending circumferentially of the mold. All the elements or features embraced in this combination were old in the art of retreading tires at the time the patent in suit was granted, one or more of them having been anticipated in each of the following named prior patents of the same art, though no single prior patent combined all of them, namely: Howell patent, No. 1,641,490, issued September 6, 1927; Midgely patent No. 1,542,797, issued June 16, 1925; Mell patent No. 906,256, issued December 8, 1908; Dunlop British patent No. 334, 657, issued April 4, 1930; Shriver patent No. 1,330,958, issued February 17, 1920; Ruark patent No. 1,608,816, issued November 30, 1926; Mundale patent No. 1,379,203, issued May 24, 1921; Coates patent No. 1,333,062, issued March 9, 1920; Heintz patent No. 1,810,963, issued June 23, 1931; Jones patent No. 1,852,886 issued April 5, 1932; Munger patent No. 1,334,629, issued March 23, 1920; Lauer patent No. 1,271,589, issued July 9, 1918, and Henson patent No. 1,668,107, issued May 1, 1928.

7. Each of the old elements brought together in the device described in claim 1 of the apparatus patent performs its function in the same way and for the same purpose it was used in the prior art and neither of them cooperates with others in a new way in producing a new result.

8. The construction of the device described in claim 1 of the apparatus patent by merely putting together desirable elements of the prior art to function in the same way and to perform the obvious purposes for which each of them was used in the prior art did not require exercise of the faculty of invention but rather the mechanical ability of one skilled in the art.

9. The plaintiff, in his brief, correctly summarizes the elements or features which make up the method described in claims 1 and 6 of reissue patent No. 21,956 as follows:

"Claim 1 calls for a novel method of treading a worn tire casing, which includes the steps of:

"1. Spreading the side walls of the casing laterally at circumferentially spaced points to circumferentially contract the crown portion of the casing;

"2. Placing the circumferentially contracted casing within a matrix having an inside circumference less than the normal circumference of the casing;

"3. Permitting expansion of the casing against the matrix by relieving it from lateral spreading action;

"4. Applying air pressure to the casing to expand it against the matrix; and

"5. Applying heat to the matrix.

"Claim 6, for all practical purposes, is just the reverse of claim 1, and calls for steps for removing the casing from the matrix by spreading the beads after the tire is cured"—and further says:

"No claim is here made that claim 1 or claim 6 of Hawkinson reissue patent No. 21,956 in suit covers broadly the step of spreading the side walls of the casing laterally at circumferentially spaced points to circumferentially contract the crown portion of the casing. It has been a common practice to spread the beads or side walls of a tire casing for the purpose of inspecting the tire for cuts or other defects."

Steps 2, 4 and 5 of the described method are also old in the art of retreading tires. (See, Burdett method patent No. 1,579,-531 issued April 6, 1926, and methods de-

scribed in the use of the patents referred to in above finding No. 6, many of which are discussed in Goodman v. Paul E. Hawkinson Company, 9 Cir., 120 F.2d 167, 170, and Gamble-Scogmo Co. v. Paul E. Hawkinson Company, 8 Cir., 98 F.2d 37, 42). Step 3 represents nothing more than the normal reaction of a rubber tire when released from the force by which it was compressed.

10. Given an unbroken matrix having an inside circumference slightly less than the circumference of the tire casing to be retreaded, in view of the well known practice of reducing the circumference of the casing by spreading its side walls laterally, the steps of merely placing the casing thus reduced into the matrix and permitting its expansion against the matrix by releasing it from lateral spreading action, applying heat to the matrix and after the tire is cured removing the casing from the matrix by the same lateral spread of its sidewalls, called for nothing more than the exercise of mechanical skill of persons familiar with and proficient in the art of retreading tires. The quality of invention does not reside in the mere thought of combining such obvious steps.

11. Plaintiff's apparatus and method cooperate to produce an old result in a more facile, economical and efficient way.

12. Plaintiff's apparatus and method have enjoyed considerable commercial success.

### Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter.

■ 2. Mere colorable departures from a patented device do not avoid infringement. Sanitary Refrigerator Company v. Winters, 280 U.S. 30, 42, 50 S.Ct. 9, 74 L.Ed. 147.

■ 3. The statement that the patent applied for relates to an improvement on a certain device or method, together with a detailed description and a dissertation upon the manner of operation and the objects and advantages to be found in the use thereof, and nothing more, is insufficient to comply with the provisions of the statute (R.S. sec. 4888, 35 U.S.C.A. § 33) that the applicant for a patent "shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery." Observance of the statutory requirement that the applicant shall make a "distinct and specific statement of what he claims to be new, and to be his invention", is essential in order that the public may be clearly informed which features may be safely used or manufactured without a license and which may not. The precise limits of the claimed monopoly may not be left to await disclosure by the applicant or his successor in title when called upon to defend the patent in subsequent litigation. General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 901, 82 L. Ed. 1402; Merrill v. Yeomans, 94 U.S. 568, 24 L.Ed. 235. "The statutory requirement of particularity and distinctness in claims is met only when they clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236, 63 S.Ct. 165, 170.

■ 4. The rule that a combination, as such, may be patentable even though the elements of the combination, each considered separately, may be well known in the art is subject to the qualification that the quality of invention must reside in the thought of combining such elements, even when the combination produces a new result. Lempco Products, Inc., et al. v. Simmons, 6 Cir., 140 F.(2) 58; Lempco Products v. Timken-Detroit Axle Co., 6 Cir., 110 F.2d 307.

■ 5. Judicious selection and putting together of desirable parts of different machines or preferable steps of different methods, all of which are in use in the same art, where each separate part or step so selected is intended to serve the same purpose for which it was used in the prior art, "is not invention, but rather the evolution of the mechanical ability of one skilled in that particular art". Adams v. Galion Iron Works & Mfg. Co., 6 Cir., 42 F.2d 395, 397; Fruehauf Trailer Co. v. Highway Trailer Co., 6 Cir., 67 F.2d 558; Remington-Rand, Inc., v. Master-Craft Corp., 6 Cir., 67 F.2d 218, 223.

■ 6. Claim No. 1 of Hawkinson apparatus patent No. 1,917,262 and claims 1 and 6 of Hawkinson method reissue patent No. 21,956 are invalid, (1) because of the failure of the applicant in the applications upon which the patents were granted to observe the requirement of R.S. § 4888, 35 U.S.C.A. § 33, to "particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery"; and (2) because

neither the claimed apparatus nor method exhibits exercise of the faculty of invention.

 7. The presumption arising from the grant of the patents and the weight properly attributable to the evidence of their commercial success are insufficient to sustain their patentable validity, the essential indicia of invention being lacking in each of them.

For the reasons herein set out, judgment should be entered dismissing plaintiff's complaint and awarding the defendant his costs herein expended.

NOTE. In view of the conclusions herein set out, it is unnecessary to discuss or decide the questions presented by the defendant's challenge to the validity of the action of the patent office in granting reissue patent No. 21,956.