WISE SODA APPARATUS CO. v. BISHOP-BABCOCK-BECKER CO.

(Circuit Court of Appeals, Sixth Circuit. March 15, 1917.)

No. 2903.

1. PATENTS ⊚⟾328—VALIDITY—INVENTION—SODA COUNTER FRAME.

The Wise patent, No. 1,002,950, for an improved metallic frame for soda fountain counters and other analogous structures, *held* void for want of invention.

2. PATENTS ⊚⟾19—INVENTION—CHANGE IN DEGREE.

A change in the structure of an article previously patented, which is only a change in degree, is not invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 19.]

3. PATENTS ⊚⟾21—INVENTION—CHANGE OF MATERIAL.

Invention cannot be predicated of a mere change from wood to metal as the substance used, unless some new and useful result is thereby accomplished; and increasing the durability of the article is not such a result, since that is due alone to the inherent quality of the metal, which is well known to every skilled mechanic.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 23.]

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; John H. Clarke, Judge.

Suit by the Wise Soda Apparatus Company against the Bishop-Babcock-Becker Company for infringement of a patent. From a decree adjudging the patent void and dismissing the bill of complaint, complainant appeals. Affirmed.

Obed C. Billman, of Cleveland, Ohio, for appellant.

Jesse B. Fay, of Cleveland, Ohio, for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This appeal is from a decree adjudging letters patent No. 1,002,950 null and void and dismissing the bill of complaint. The patent was granted September 12, 1911, to George W. Wise and Henry A. Wise, assignors of appellant. The pleadings present in the usual way the issues of validity and infringement, all the claims of the letters patent being involved. It is stated in the specification:

"Our invention relates to improvements in metallic frames for soda fountain counters and other analogous structures. The primary object of the invention is to entirely eliminate wood as a material in such structures, and to provide a generally improved metallic frame work for securing, supporting, and reinforcing the marble walls, whereby a generally improved structure of great strength and durability is provided. * * *"

This clearly implies—indeed, it is common knowledge—that prior to this patent the frames used to sustain the exterior or inclosing parts of structures, such as soda fountain counters and the like, were composed in whole or in part of wood; and the prime object here is to use metal in place of these wooden parts, and so to add strength and durability to the structure. What the patentees did was to design an angle-bar structure comprising: (1) An upper and lower rectangular frame joined by four corner posts and four intermediate posts, with adjustable legs secured to the lower frame; (2) an angle-bar extending the length of the upper frame, suitably disposed between the side members, and fastened to the end members of the frame; (3) a container counter frame, polygonal in form, extending the entire length of the main frame and seated within a recess formed between the angle-bar before mentioned and the front side member of the upper frame; and (4) interior compartments, suitably disposed in the main frame and the container counter frame, and intended as receptacles for supplies and for means to keep them cool.

The framework thus generally described will be better understood by reference, for example, to the first claim of the patent, shown in the margin.[1] These frames are designed to be inclosed by and to support

[1] "1. A metallic frame for soda fountains, comprising a main frame consisting of upper and lower rectangular frames provided with corner posts, said upper frame being provided with a container counter receiving opening, and a metallic container counter frame seated in said opening and resting on said upper rectangular frame."

suitable materials, such as marble, glass, or slate, of appropriate dimensions. The complete structure may be illustrated in perspective by Fig. 1 of the drawings:

The method of using the structure is sufficiently shown by four of its main features: *21* represents the usual counter slab; *23* the syrup container jars; *24* the storage cabinets; *25* an intermediate cooling chamber. So far as concerns the form of the structure and the materials composing it, save as to the metal, novelty cannot rightfully be claimed.

[1] The idea disclosed here of grouping sales articles into compartments and of cooling the articles from a common source contained in the same structure was developed by Helbling in 1884 in his "apparatus for cooling liquids," patent No. 302,131. Duhm and his associates added a counter to the same sort of a structure, calling it a "combined refrigerating counter and display case," in 1892, patent No. 469,010. Kade added to the latter ice-cream compartments, calling the structure a "soda-water dispensing apparatus" in 1900, patent No. 655,782. Butler's "cooling case for soda fountains" patented in 1905, No. 802,969, contains all the features of the other structures mentioned unless it be the counter and ice-cream compartments.

[2] Specific comparison of the foregoing patents of the prior art with the patent in suit, for purposes of tracing identity in parts, in mode of use, and in results, is not necessary, since our examination of the patents fails to convince us that the structure in issue works any substantial change in any of the respects stated, except possibly in matter of degree; and this is not invention. Keene v. New Idea Spreader Co., 231 Fed. 701, 710, 145 C. C. A. 587, and citations (C. C. A. 6).

Even as to the metal framework in question, the record contains pertinent references to patented structures designed for kindred purposes. We have seen that the specification states that the invention relates, not only to the specific structure of appellant, but also to "other analogous structures"; and it further states:

"While our invention is admirably adapted for use in the construction of soda fountain counters, it will of course be obvious that it may be readily adapted or embodied for use in connection with other, or similar structures where marble, glass, and similar material, are extensively used as a component part."

Fritch provided metal framework with glass panels for his refrigerator, patented in 1888, No. 377,246. Hogan in 1908 devised a metal frame and pointed out its advantages as to durability in his "workboard for bars," patent No. 892,831. Friedman in 1889 invented a "glass cigar box with metal or other frame," patent No. 400,840. Anderson in 1875 provided "metal corners" for the wooden framework of his improved show cases, patent No. 158,823, stating:

"This construction does not interfere with the glazing, and the corners are removed for cleaning or replacing, and then replaced, without interfering with the glass of the case."

Furthermore, the most that can be said of any advance or improvement involved in the structure in issue, when compared with structures of its particular class, is that the patentees substituted metal for wood in the framework.

[3] Invention cannot be predicated of a change in material, however, unless some new and useful result is thereby accomplished; and clearly, in a structure like the present one, the result achieved by the use of metal cannot differ in any conceivable respect from that accomplished through the use of wood, save only in point of duration. This difference does not call for the exercise of the inventive faculty; it is due alone to an inherent quality of the metal, and is well within the experience and adaptation of the skilled mechanic. Kilbourne v. W. Bingham Co., 50 Fed. 697, 703, 1 C. C. A. 617 (C. C. A. 6); Drake Castle Pressed Steel Lug Co. v. Brownell & Co., 123 Fed. 86, 87, 88, 59 C. C. A. 216 (C. C. A. 6); Sheffield Car Co. v. D'Arcy, 194 Fed. 686, 692, 116 C. C. A. 322 (C. C. A. 6); Ventilated Cushion & Spring Co. v. D'Arcy, 229 Fed. 398, 402, 143 C. C. A. 518.

The decree is affirmed.