**KEMPER–THOMAS CO. et al. v. J. P. GORDON CO.**

No. 6279.

Circuit Court of Appeals, Sixth Circuit.
Nov. 15, 1933.

Marston Allen, of Cincinnati, Ohio (Allen & Allen, of Cincinnati, Ohio, on the brief), for appellant.

Robert E. Barry, of Washington, D. C. (Allen I. Pretzman, of Columbus, Ohio, and Seymour & Bright, of Washington, D. C., on the brief), for appellees.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

Appellants are respectively licensee and owner of Rowe patent, No. 1,755,133, and appeal from a decree in an infringement suit holding the patent invalid.

Though Rowe described his invention as a cover for annular objects, it relates to advertising covers for spare automobile tires. Its only commercial embodiment is a cover having a stiff cardboard disc and a crepe paper annulus or tread-band sewed thereto. Novelty is claimed to reside in the stiff disc, in the stretchability, circumferentially, of the tread-band which permits the cover to be installed easily upon any size commercial tire without puckering or wrinkling, and in the organization of these parts.

Since the materials were cheap and manufacturing cost low, a new field was opened for advertising tire covers. Rowe satisfied the so-called short-time advertising requirements of fairs, theatrical exhibitions, political campaigns, and the like. While utility was desirable in order that automobile owners per-

mit installation, the principal objectives were cheapness, ease of installation, and adaptability to tires of varying sizes. Other advantages were realized. Rowe's cover could be made quickly in quantity to satisfy immediate need. Because flat, it was easily stacked or packed for shipment, and its resemblance to more durable tire covers made it acceptable.

The defendant copied this commercial device. There is no defense of noninfringement, and probably could be none. The only question presented is validity.

The tire cover art prior to Rowe is represented principally by Bate patent, No. 1,461,021, July 10, 1923, and Bigelow, No. 1,495,665, May 27, 1924. Reference is also made to Angier, No. 1,504,733, August 12, 1924. This patent is for a tire wrapper of crepe paper, and while not, strictly speaking, in the tire cover art, is yet in an art sufficiently analogous thereto to merit consideration on the issue of validity.

Bate disclosed a spare tire cover, preferably of waterproof material, easily installed, free of wrinkles when drawn taut, and so closing the opening within the tire that its front face could be used as a carrier for advertising matter. Bate recognized the need of considerable stretchability in the annulus to avoid puckering of the cover, and to secure it cut his material on the bias, uniting the biased cut sections end to end. Bigelow discloses the same essential elements as Bate, but claims for his invention greater elasticity of tread-band. He describes a tire cover adapted for use on a variety of different sizes of tires, and also asserts that it may be wide enough to accommodate a plurality of tires.

If we take claim 5 of Rowe, printed in the margin,[1] as typical, rather than claim 4, as suggested by the court below, without for the moment considering the materials used or their properties, we find that Rowe's cover is comprised of a flat disc, a flat ring secured at its outer circumference to the disc, and with an edge constricting means at its inner circumference. Such elements are all found in both Bate and Bigelow. The plaintiffs not only concede resemblance, but claim it as purpose-

ful, thus, perhaps, making of necessity a virtue. When we seek novelty in Rowe we find that he substituted for the slightly stretchable tread-bands of bias-cut fabric in the prior art a paper tread-band having greater stretchability, and for the old flexible discs the relatively stiff cardboard of his commercial device. It is difficult to see that Rowe did anything more than to substitute one well-known material for another, and this alone will not support a patent. R. R. Supply Co. v. Elyria I. & S. Co., 244 U. S. 285, 37 S. Ct. 502, 61 L. Ed. 1136; Wise Company v. Bishop-Babcock-Becker Co., 240 F. 733 (C. C. A. 6). It is true, of course, that crepe paper has properties not possessed by the old tread-band fabric, but these qualities, so far as they are important here, are inherent in crepe or crinkled fabric, and this is common knowledge. Angier et al. v. Nehring Electrical Works (C. C. A.) 45 F.(2d) 354; Dupont v. Dennison Mfg. Co. (D. C.) 18 F.(2d) 317.

But it is urged that the law with respect to substitution of materials does not apply to the inventor who creates a new organization of parts performing new functions in a different way, or co-operating together in a way hitherto unknown in the art. Berry v. Robertson (D. C.) 40 F.(2d) 915, Allen Filter Co. v. Star Metal Manufacturing Co. (C. C. A.) 40 F.(2d) 252. Where, however, the so-called objective test of substitution of materials has been found inadequate as a test of invention, it has been so found because the substituted material performed a new function or brought about a different result. The crepe paper annulus of Rowe performs the same function as the fabric tread-bands of the prior art. Such difference as there is is a difference in degree, rather than in function or purpose. Moreover, even if the local stretchability of crepe paper were to be recognized as producing a new result, it was anticipated by its prior analogous use in the same environment, as shown in the patent to Angier, already cited.

But Rowe, it is claimed, did more than merely substitute crepe paper for fabric in the tire-band. It is conceded that if that were all, the result, while new, was not necessarily patentable, but it is nevertheless contended that when Rowe used his particular annulus with a stiff display card, he thereby created a combination of parts not theretofore known, which functioned in a different way and constituted an inventive concept, there being nothing in the concept of a stiff disc to suggest a crepe annulus, or in the concept of a crepe annulus to suggest a stiff disc. Rowe's

[1] 5. As a new article of manufacture a quickly mountable and removable advertising cover for spare tires comprising a flat disc, a flat ring of circumferentially yieldable paper secured at its outer circumference to the circumference of the disc whereby the ring is rendered nonyieldable at its outer circumference, and edge constricting means at the inner circumference of the ring, the edge constricting means, when the device is in an operative position on a tire, causing the ring to flex arcuately in a transverse direction and to yield circumferentially intermediate its inner and outer circumferences.

principal objective, however, was economy. He neither sought, nor does he claim to have achieved, advance on tire covers in respect to their durability or their efficiency as a protecting means. Having found his cheaper material for the tread-band in the paper art, it was but natural, and we think obvious, for him to seek his cheaper material for the disc in the same art. The proof of this lies in his suggestion of an alternative form of cover made entirely of crepe paper, although there is no evidence that any such cover was ever made.

What we have said perhaps does not explain the making of the disc of relatively stiff material such as the cardboard of the present commercial article. We think, however, that the explanation is reasonably obvious. In the holding means of the prior art materials were used which had some stretchability. It is the property of most materials which permit of stretching in one direction to contract in the other. Widthwise contraction, it is asserted, would draw in the edges of a stiff disc and produce wrinkling and bending. This probably accounts for the flexibility of the disc in the prior art, for flexible material will accommodate itself in degree at least to such contraction. Rowe's paper tread-band, with its transverse corrugations, permits, it is explained, of great expansion circumferentially without corresponding contraction transversely. If this be so, the necessity for a flexible disc at once disappears, and the range of permissive materials is greatly enlarged. But conceding that a crepe paper tread-band when unconfined at either edge of the creping will permit of circumferential expansion without widthwise contraction, we doubt that this is so when not only one but both edges of the creping are, as in Rowe, constricted, the outer edge being made "nonyieldable" by attachment to the disc and the inner edge held by the "edge constricting means" described in the patent, and when the limit of local stretchability is approached. Rowe stresses not only the stretchability of his tread-band material, but also its resiliency. It may be granted that widthwise contraction of a crepe paper annulus so confined may be slight, not enough to draw taut the flexible but relatively heavy materials of the prior art, but still enough to wrinkle and pucker the lighter and cheaper products of the paper art from which the economical Rowe is impelled by his objective to select his disc material. This being so, the stiffening of the disc becomes not merely permissive but imperative, and the selection of cardboard as an economical, if not indeed the cheapest, substitute, becomes obvious. If there is no patentable novelty in Rowe's substitution of the tread-band material there is likewise none in his substitution of disc material, and the manner of their combination is, as we view it, identical with that of the prior art.

This case is quite like that of Forchheimer et al. v. Franc, Strohmenger & Cowan, Inc., 20 F.(2d) 553, wherein this court denied validity to a patent where a known property in substituted material operated in its new environment differently in degree only from old material, and Kurtz v. Hat Lining Company, 280 F. 277 (C. C. A. 2), and Van Heusen Products Company v. Earl & Wilson, 300 F. 922 (D. C.), are to be distinguished from the instant case in the same respects as they were from the Forchheimer Case.

A word should be said, perhaps, as to the commercial success claimed for the Rowe device. While presumptions are of aid in determining the presence of invention where the issue is in doubt, patents cannot be sustained on presumptions alone. Hill v. Wooster, 132 U. S. 693, 10 S. Ct. 228, 33 L. Ed. 502; Page Steel & Wire Company v. Smith Bros. Hardware Co., 64 F.(2d) 512 (C. C. A. 6).

We think the patent invalid because anticipated, and also because it is lacking in invention.

The decree below is affirmed.