## PAINE & WILLIAMS CO. v. TRUMP PRODUCTS CO.

### No. 4912.

District, N. D. Ohio, E. D.

Jan. 5, 1935.

Fay, Oberlin & Fay, of Cleveland, Ohio, for plaintiff.

A. L. Ely, of Cleveland, Ohio, for defendant.

WEST, District Judge.

Suit for infringement of United States patent 1,580,075 on a rubber-faced mat or covering for automobile running boards, granted on April 6, 1926, on the application of E. E. Paine, filed August 13, 1923. The principal defense is invalidity. When this application was filed, running boards were generally covered with linoleum fastened with cement or glue. In the specification Paine states his objects as the securing of an improved corrugated tread surface and improved means for securing the mat to the running board. In his evidence he specified six disadvantages inhering in linoleum. It contracts in cold weather, so as at times to become loose; it is inflexible and slippery; it cracks; constant stepping on it at certain spots causes the only kind of cement available for use with linoleum to crystallize and the mat breaks from its fastening; it stains with grease. Plaintiff claims that all of these have been overcome by the patented improvement; that the prior art discloses nothing which anticipates; and the presumption being that the patent is valid and the mat having been sold in large quantities and having displaced most other running board coverings for several years immediately after it appeared, that patentability must be found notwithstanding what Paine did was to substitute one material for another—to use rubber with its well-known qualities in place of linoleum for the wearing face of the mat.

The patent has two claims, of which No. 1 reads: "In an automobile running board or like tread, the combination of a thin flexible molded rubber mat adapted to

be applied to the tread surface of a suitable supporting base, the upper side of said mat being corrugated transversely of the direction in which it will be crossed when trod upon, and a sheet of fabric partially embedded in the under side of said mat, whereby a layer of cementing material interposed between such tread surface and mat is adapted to make a firm bond therebetween."

The use for door mats of flexible sheet rubber with corrugations to prevent slipping is shown by Neefus 115,345; for stair treads or covers by Krickl 184,013; and for step plates for automobile running boards by Stanwood 1,409,125. Bernstein 1,389,025 discloses a tread member to be attached to the running board in the form of a corrugated rubber mat. None of these are cemented down, nor do they cover the entire board, but any of them sufficiently teaches the desirability of corrugated rubber treads, and two are especially designed for use on automobile running boards. In all the corrugations run transversely to the direction in which the mat will be crossed. The portion of the prior art most relied on by defendant is not found in the patents. The uncontradicted evidence shows that since 1913 linoleum, cured upon a backing of burlap, has been used for covering automobile running boards. A sample of a type so used is in evidence as Exhibit A to the stipulation filed September 17, 1934. In it the burlap backing is heavily painted and therefore its under surface is smooth. The Hudson Motor Car Company so used this linoleum as early as 1913, cementing it to the board with the painted burlap down, as shown by records and blueprints.

In 1919 the Armstrong Cork Company made and sold linoleum like the sample Exhibit A, slightly thinner than floor linoleum. It had burlap backing and was cemented to the running board, and was made especially for the auto trade and in large quantities, one of its customers being the Buick Motor Company. In September and October, 1919, over 40,000 yards of this material was cut to size and sold that concern and sales continued for several years. Records and blueprints of the Buick Company show that as early as 1919 and later it made and sold thousands of machines which were provided with running boards covered with linoleum purchased from the Armstrong Company. Such linoleum was provided with a burlap backing to which the body of the product

was cured, and was attached to the running boards by being cemented thereto.

Among other Buick specifications in evidence are three dated May 20 and October 25, 1921, marked I, J, and K, which illustrate and describe the running-board linoleum used on Buick cars made and sold in 1921 and 1922. It was the same as used on earlier cars and shown by sample Exhibit A, except that the back was unpainted, in order to secure better adhesion to the running board. A sample of this type is attached to the stipulation marked "L." In it the burlap backing is rough and unpainted. Exhibits I, J, and K specify that the linoleum must have burlap base and unpainted back.

I am entirely satisfied with the sufficiency of this evidence to establish the prior use, long before the date of the patent application, of linoleum running-board mats having a sheet of fabric partially embedded in the under side thereof, conducing to firm union by cementing with the boards.

This unpainted burlap embedded in the rubber caused the allowance of Paine's claims after many rejections and amendments. See file wrapper, Exhibit C, p. 25. The examiner was satisfied that the configuration of the upper rubber surface of Paine's mat was anticipated by one or more patents. Id. But no partially embedded fabric was shown in any prior patents. The examiner knew of the use of linoleum for running-board covers; the patent specification mentions it, page 1, 1. 108 et seq. But he did not necessarily know of linoleum mats or coverings in which the usual burlap back was bare, rough, and unpainted. Better means of securing the mat to the board was one of Paine's purposes. Page 1, 1. 20. His backing of burlap was to be coarsely woven, the surface retaining the open reticulated appearance of Fig. 4. P. 1, 11. 90–94. The purpose of this as shown at page 1, 11. 101–107, was to provide a material to which, on account of its fibrous character, the glue or cement will firmly adhere. The ordinary smooth painted burlap back would not answer.

For the examiner's purpose the Buick use of 1921 with its rough unpainted burlap back, of which he evidently was not aware, was the most pertinent portion of the prior art, in so far as adhesion of mat to running board was concerned.

Both the corrugated rubber non-skid sheet and the means employed in the patent

to secure a flexible sheet of linoleum to the running board being old, was there invention in substituting the rubber sheet for that of linoleum?

█ The general rule is stated in Florsheim v. Schilling, 137 U.S. 64, 11 S.Ct. 20, 34 L.Ed. 574: "The substitution in a manufactured article of one material for another, not involving change of method or developing novelty of use, is not necessarily a patentable invention, even though it may result in a superior article."

In Drake Castle Pressed Steel Lug Co. v. Brownell & Co., 123 F. 86, 88, our Circuit Court of Appeals held: "To sustain a patent based upon a change of material, it must be shown that some new and useful result has been accomplished; for it is only then that the substitution of one material for another can attain the dignity of invention." See, also, Wise Soda Apparatus Co. v. Bishop-Babcock-Becker Co., 240 F. 733 (C.C.A.6).

Nothing new or useful has been accomplished by the use of rubber instead of linoleum. It was old in the art to use corrugated rubber to prevent slipping; and Paine's rubber sheet is firmly held to the running board through the old means of the Buick use as employed with linoleum.

Kemper-Thomas Co. v. J. P. Gordon Co., 67 F.(2d) 478, is the latest expression of our Circuit Court of Appeals on the subject. See, also, Forchheimer v. Franc, Strohmenger & Cowan, Inc., 20 F.(2d) 553 (C.C.A.6). And it would seem that the case at bar is distinguishable from the oft-cited case of Kurtz v. Belle Hat Lining Co. (C.C.A.) 280 F. 277, and Van Heusen Products v. Earl & Wilson (D.C.) 300 F. 922, just as are the above two cases. See Kemper-Thomas Co. v. J. P. Gordon Co., supra, 67 F.(2d) 478, at page 480.

Columbia Metal Box Co. v. Halper, 220 F. 912, 916 (C.C.A.2), holds that substitution of material unaccompanied by any actual advance in the art or genuine benefit to the public does not amount to patentable invention. In the opinion it is said: "It is claimed, however, on behalf of the patentee, that when a new method of manufacture is involved in the use of the new material, invention should be held to exist if the new method of manufacture involved in the use of the new material would not occur to the ordinary mechanic. And such is undoubtedly the law. The difficulty with the complainant's case is that the court is not satisfied that the new method of manufacture is one which would not have occurred to an ordinary mechanic. We think that a competent mechanic, with the General Electric box before him, could by mechanical skill alone make the same thing for the same purpose from sheet metal."

And so Paine, with all the prior art before him, including the Buick use, with the fibrous reticulated burlap back of its linoleum mat, could have evolved his improvement by mechanical skill alone.

█ That the applicant for a patent is presumed to be aware of all prior patents, publications, and practices of the art, see Derby v. Thompson, 146 U.S. 476, 481, 13 S.Ct. 181, 36 L.Ed. 1051; Daylight Glass Mfg. Co. v. American Prismatic Light Co. (C.C.A.) 142 F. 454; Fry v. Rookwood Pottery Co. (C.C.) 90 F. 494.

Ryan v. Hard, 145 U.S. 241, 12 S.Ct. 919, 36 L.Ed. 691, held invalid a patent for improvements in bed bottoms, all that was done being to suspend a fabric well known as a bed bottom in substantially the same manner that other fabrics used for that purpose had been suspended.

██ As rubber mats for automobile running boards appear in the former patent art, even though of a size insufficient to cover the entire board, it would seem to require mere mechanical skill to substitute a flexible rubber sheet for the somewhat less flexible sheet of linoleum in the same use. In this connection, see the language of the opinion at page 246, of 145 U.S., 12 S.Ct. 919, 920, 36 L.Ed. 691, commencing "Is there patentable novelty in this change?"

In Jennison-Wright Co. v. Hempy, 266 F. 372, 374, the Sixth Circuit Court of Appeals held that case to be one for the application of the rule that a mere change of materials is not patentable. "Because, after all is said, it remains clear that Jennison did nothing else." And this, I think, is true of the case at bar. Considering what had been done by others, as shown by the state of the prior art, Paine really did nothing more than to substitute rubber for linoleum. In Jennison-Wright Co. v. Hempy, supra, Judge Denison says:

"And the situation is practically parallel to that discussed by the Second Circuit Court of Appeals in N. Y. Belting & Packing Co. v. Sierer, 158 F. 819, 86 C.C.A. 79, where rubber tiles of smooth, rectangular form had been well known (as wooden paving blocks of that form had

been), and tongue and groove tiles of a pottery material were also known, and the patentee made a rubber tile in the tongue and groove form of the old pottery material. This was held not to involve invention.

"Appellant relies especially upon Frost Co. v. Cohn (C.C.A.2) 119 F. 505, 56 C. C.A. 185. This may.be easily distinguished. Clamping studs of the shape and for the purpose shown had been made of metal, and yet it was held to be invention to make one of the same shape out of rubber. If it had been old to make these studs out of rubber in other forms and shapes, the patent, clearly, would not have been sustained; but what impressed the court as deserving was the thought that rubber could be used at all in that association and for that purpose. To make the present case parallel, it would have to be supposed that wooden paving blocks had never been used at all, and that would put a very different aspect on the matter."

This language of Judge Denison appears very pertinent. For here it was old both to employ corrugated rubber mats for treads, specifically for treads on automobile running boards, and to use a layer of burlap partially embedded in the under side of an automobile mat, as a means of securing the necessary bond between it and the board.

Curing rubber upon fabric was certainly old, and there can be nothing novel in the partially embedded burlap of the rubber mat.

Both claims are for combinations, but nevertheless exhibit mechanical skill rather than invention. Adams v. Galion Iron Works Co., 42 F.(2d) 395, 397 (C.C.A.6), and cases there cited. Many cases involving substitution of materials in which patents are upheld, can be found; some are listed in Berry v. Robertson (D.C.) 40 F. (2d) 915, 918. I think that these, and such others as the court has examined, are distinguishable from the case at bar for one reason or another.

Complainant places great, if not exclusive, reliance upon the presumption that its patent is valid, plus the commercial success which its product has met. But this is not a doubtful case, the court being satisfied that Paine's improvement was the product of experienced judgment and mechanical skill rather than invention; and in such a case presumptions are not to control. See Kemper-Thomas Co. v. J. P. Gordon Co., supra; Universal Rim Co. v.

Firestone Tire & Rubber Co., 7 F.(2d) 24 (C.C.A.6). The court is not impressed by the licenses recently given, several since the suit was started, for quite nominal amounts.

The finding will be in favor of the defendant, that both claims are invalid, and the bill will be dismissed, at the complainant's costs.