**LYON, Inc., et al. v. CLAYTON & LAMBERT MFG. CO.**

No. 6754.

District Court, E. D. Michigan, S. D.

July 18, 1940.

772

Charles F. Meroni and Charles W. Hills, Jr., both· of Chicago, Ill., ·and Charles H: ·McIntrye, of Detroit, Mich., for plaintiffs.

Barnes, ·Kisselle, Laughlin· & Raisch, of Detroit, Mich., for defendant.

### Findings of Fact

LEDERLE, District Judge.

1. This is a patent infringement suit involving the validity and infringement of United States Letters Patent Number 1,-924,085 (which will hereafter be referred to as the 085 patent), and Number 1,955,710 (which will hereafter ·be referred to as the 710 patent). Both patents purport to be the invention of G. A. Lyon.

■ 2. The plaintiffs' title and right to bring this suit is not entirely clear, but I am of the opinion that the plaintiffs could· clear up the defects, if any, in the title if given a further opportunity to do so. At any rate, extensive hearings were conducted, and the defendant, in its brief, said: "Defendant does not want this suit dismissed for want of title, without passing on the validity and ·infringement of ·the patents * * *"

These· findings will therefore be entered without passing upon the plaintiff's title.

3. Both patents are for metal covers for spare automobile tires. Covers for spare tires had· been used for many years prior to the date of the application for these two patents. There is no distinction between the problems involved in covering a tire and that of covering other like objects. In each case it is necessary to have a cover large enough to go over the outside of the object to be covered, with some means for securing the cover in place. It is essential to have tire covers somewhat larger than the tire to be covered, to take care of the variation in the size of the tire due to changes· which take place after the tire is put into use.

■ 4. At first, it was customary to make tire covers of cloth or other pliable materials; see Kemper-Thomas Company v. J. P. Gordon Company, 6 Cir., 67 F.2d 478, 479. These prior art covers were secured to the tire by means of some elastic device such as· a coil spring, which could be expanded sufficiently to put over the outside of the tire and then permitted to contract to hold the· cover securely to the tire. The 085 patent disclosed a metal box-like structure ·of a size larger than the tire, upon which· it was to be used. This box-like structure was secured to the tire by the use of a wedge-like, resilient, split ring. The cover was mounted upon the tire and this split ring inserted inside of the ·open side of the cover by contracting it.· When the spring was released it would ·expand and press against the tire and tire cover. It will be noted that the only difference between the means thus used for attaching the metal cover to the tire and· the means used for attaching the cloth cover to the tire was in the type of spring used. The substitution of metal for .cloth or other materials is not invention. The substitution· of one type of well-known spring for another type of well-known spring is not invention. The combination of these well-known elements does not produce a result that would not be obvious to any mechanic skilled in the art. The use of split expanding rings to attach tires to automobile wheels was a well-known expedient for many years prior to the application for the 085 patent.

5. The structure disclosed by the patent never achieved any commercial success and, in fact, only about twenty-five of such tire covers were ever constructed. To all intents and purposes this is a paper patent.

6. The patentee secured patents on other metal :tire covers· and brought· suit against this defendant in the United States District Court for the District of Delaware, charging that the identical tire cover

of the defendant infringed two of those patents, Number 1,807,697 and 1,875,316; and the District Judge in that case (Lyon, Inc., v. Clayton & Lambert Mfg. Co., 13 F.Supp. 331) thoroughly considered the problems involved in this art, and I have found the opinion very helpful in construing the claims involved in this suit.

The Circuit Court of Appeals for the Third Circuit gave its full approval to the District Court's opinion in Lyon, Inc. v. Clayton & Lambert Mfg. Co., 90 F.2d 97.

7. Lyon was not a pioneer in the field covered by the patents. Many years prior to his application, a patent issued to Hammond, 1,651,769, disclosed a practical metal tire cover embodying all the useful features of the tire cover of the patent in suit or of the defendant's accused tire cover.

British patent 254,935, issued to Dignan, likewise discloses a practical metal tire cover. The idea of attaching a tire cover to the tire by means of a split ring was disclosed in a patent issued to Loetscher, 1,563,760.

It is my opinion that this patent is invalid for want of invention over the prior art.

8. If the patent could be held valid, it is clear that the defendant's accused structure does not infringe the structure, as its principle and operation are wholly different from that disclosed in the plaintiff's patent. The defendant's accused structure follows the prior art rather than the patent in suit.

9. The 710 patent discloses a metal tire cover shaped to fit the tire in substantially the same manner as prior art tire covers were used. This tire cover is fastened to the same member that was commonly used for supporting the spare tire, and in the same manner; that is, by placing the tire cover over studs and fastening the cover to the studs by means of nuts. Fastening a tire cover to the automobile in the same manner that spare wheels are fastened does not involve invention. There are many examples in the prior art of tire covers or spare tires fastened in this manner, particularly Baker, 1,765,785, and Sauzedde, 1,477,282, as well as Hammond, 1,720,415.

This patent is invalid for want of invention over the prior art.

### Conclusions of Law

■ 1. Patent Number 1,924,085 is invalid for want of invention. The mere substitution of one material for another, or the judicious selection of devices, old in the art, each designed to utilize and accomplish its individual purpose, is not patentable invention, unless it can be said that the new organization of parts performs new functions in a different way, or co-operates with other parts in a way hitherto unknown to the art. Kemper-Thomas Company v. J. P. Gordon Company, 6 Cir., 67 F.2d 478.

■ 2. If it could be held that the patent is valid, it is not infringed by the accused structure. The defendant's structure follows the prior art rather than the patent in suit. The plaintiff is bound by the decision in Lyon, Inc., v. Clayton & Lambert Mfg. Co., D.C., 13 F.Supp. 331; and the defendant's structure, which is the same as that involved in the Delaware suit, is further away for the disclosure in this patent than it was from the patent in that suit.

■ 3. The 710 patent is invalid for want of patentable invention, particularly in view of Baker, 1,765,785, and Sauzedde, 1,477,282; Kemper-Thomas Company v. J. P. Gordon Company, 6 Cir., 67 F.2d 478; Patent & Licensing Corporation v. Weaver-Wall Company, 6 Cir., 95 F.2d 182; Adams v. Galion Iron Works & Manufacturing Company, 6 Cir., 42 F.2d 395; Fruehauf Trailer Company v. Highway Trailer Company, 6 Cir., 67 F.2d 558.

4. A judgment may be entered dismissing the bill of complaint with costs to the defendant.