## TIMKEN–DETROIT AXLE CO. v. CLEVELAND STEEL PRODUCTS CORPORATION.

### No. 5750.

District Court, N. D. Ohio, E. D.

Aug. 11, 1943.

Richey & Watts, of Cleveland, Ohio, and William A. Strauch (of Strauch & Hoffman), of Washington, D. C. (F. O. Richey, of Cleveland, Ohio, of counsel), for plaintiff.

Newton A. Burgess and John F. Ryan (of Gifford, Scull & Burgess), both of New York City, and Evans & McCoy, of Cleveland, Ohio, for defendant.

WILKIN, District Judge.

The complaint sets forth four patents, referred to for convenience as 607, 764, 800, and 830, and charges their infringe-ment by the defendant. No. 830 was withdrawn prior to trial (Opening statement of Mr. Richey, p. 23). The usual relief is prayed,—injunction, accounting, royalties, profits, damages, and other equitable relief. The complaint also sets up a license agreement and charges that royalties due under it are unpaid.

The answer contains the usual defenses: invalidity and noninfringement. It denies that there is anything due under the license agreement.

■ The issue concerning royalties under the license agreement may be disposed of briefly first. The court finds that the evidence supports the allegations of the complaint. An order for accounting will therefore be allowed.

Now as to the patents, as counsel for the plaintiff say (Main brief for plaintiff, p. 2): "This case resolves, as most patent cases do, into question (I) i. e., was what the inventors of the patents did invention, or was it the exercise of mechanical skill?"

If the patents are valid there is no doubt that they are infringed. The defendant relies mainly on invalidity. Counsel for defendant say at the outset of their brief: "The three patents in suit relate to oil burners. (Powers 2,039,607; Wilson 2,-094,764 and Powers 2,107,800.) The only change over the prior art is that in the '607 patent the impingement wall is made of steel instead of ceramic; in the Powers patent metallic grills are used instead of the old ceramic grills, and in the '800 patent two steel rings are used instead of two ceramic rings, both being used as impingement wall and as an air-deflecting means respectively exactly the same as the corresponding ceramic rings in the prior art."

The real issue is brought forth clearly if we read in connection with that quotation a quotation from the plaintiff's reply brief: "Right on the first page of defendant's brief there is a fundamental error which courses through the entire brief of the defendant and vitiates many, if not most, of the defendant's contentions. This contention is that the only change over the prior art is a change in materials in patent –607 and patent –764, and the use of two steel rings instead of one in patent –800. This not only ignores the very fundamental basis of the administration of the patent law, i. e., mode of operations and results, but is not even correct as applied to mechanical detail. The eye alone can see— without resort to the all-important investi-

318

gations of the understanding—that in the –607 patent there has been a change in the shape and in the size and dimensions in the impingement wall as well as a change in material, and differences in the relation to each other of the parts, such as the setting of the impingement wall away from the furnace wall, thereby creating a new combination. As applied to patent –764, the eye can also see—without the all-important reliance upon the understanding—that the dimensions of the grill, as well as the material, are changed, and that the grill is set in a position in which no ceramic grills were placed, resulting in a new combination, especially when combined with the setting of the rim from the boiler wall. Likewise the eye alone can see—without the all-important reliance upon the understanding as well—that in the –800 patent the dimensions and shapes of the rings are changed as well as the material of which they are composed. One can further see with the eye that these rings, thus changed in size and material, are combined with the grills changed in size, material and position, and with the relation between the rings and the wall, thus presenting, with other features, new combinations. When the observer uses his understanding as well as his eye—the proper procedure in the premises, he further sees that these changes are merged in the entire combination so as to result in a new mechanical and legal entity which operates in a new way and realizes new results and, in addition, old results in a better way."

The plaintiff relies on the presumption of validity which attaches to the patents, the evidence as to prior efforts and failures, the solution of the problem by plaintiff or its assignors, and the public adoption and commercial success of the patented combination.

Plaintiff says at p. 33 of its reply brief: "This mode of operation is dependent not upon the material of the ring alone, but upon its thinness and its position with respect to the other parts as well. The advantages are thus achieved by the use of the combination of which these are elements. Thus, when we consider the prob-

lem, what was done, how it was done, the novel mode of operation resulting from the combination, we find the exercise of that genius which is clearly indicated by the history and the achievements of the invention and recognized by the Patent Office."

To this defendant replies that all that the plaintiff has done is the substitution of metal walls and grills for ceramic walls and grills—"a difference in material and a difference in thickness or thinness". The defendant insists that a mere change of material or dimensions is not invention.[1] The defendant also contends that the patents are invalid for want of adequate disclosure as required by Section 4888, R.S., Section 33, U.S.C.A. Title 35.

■ The evidence convinces the court that there was a problem, that the plaintiff made a great contribution to the solution of the problem, an improvement in oil burners that was accepted by the public and had commercial success. The defendant itself took a temporary license. These facts, when brought to the support of the presumption which the patents carry, go a long way toward establishing all the essential averments of the complaint. Yet when the specific question arises: What is the invention, what is its essence, its limits, and how is it defined, there is no adequate answer. After consideration of all the evidence and all the arguments the court finds no difference between what the plaintiff did and what was formerly done, except a change of material and the inherent mechanical variations occasioned by such changes. The improvement over prior art was accomplished by substituting metal for ceramic material and making some adjustments of parts, which are mere differences of undefined degree. The presumption in favor of the patents is conceded; but that presumption is unable to stand up against the defendant's attack of invalidity for want of invention and disclosure.

■ The plaintiff's assignors no doubt accomplished a nice balance in the relationship of parts, but how it was done is not exactly disclosed. The adjustments are not clear-cut. What was done does not stand

[1] Defendant cites as authority for this contention: Hotchkiss v. Greenwood, 11 How. 248, 266, 13 L.Ed. 683; Gardner v. Herz, 118 U.S. 180, 192, 6 S.Ct. 1027, 30 L.Ed. 158; Kemper-Thomas Co. v. J. P. Gordon Co., 6 Cir., 67 F.2d 478; Firestone Tire & Rubber Co. v. United States Rubber Co., 6 Cir., 79 F.2d 948; Paine & Williams Co. v. Trump Products Co., 6 Cir., 86 F.2d 1009; Blackmore v. Ford Motor Co., 6 Cir., 56 F.2d 806, 807; Western Willite Co. v. Trinidad Asphalt Mfg. Co., 8 Cir., 16 F.2d 446, 448; Greene Process Metal v. Washington Iron Works, 9 Cir., 84 F.2d 892, 894. See, also, Smith v. Nichols, 21 Wall. 112, 22 L.Ed. 566.

out from what was formerly done. The outlines of the plaintiff's combination fade gradually into the accomplishments of earlier disclosures. Its patents are anticipated by Heath, 1,886,675, Bird, 1,671,340, and Kolva, 1,381,092. Practically all the claims of the patents in suit, except the ceramic or refractory carbureting structure, are disclosed in Heath. And the substitution of metal for clay in the carbureting structure is taught by Bird, and in the grill by Kolva, and in the air-deflecting wall by Braun, 1,715,333.

Powers, plaintiff's expert and inventor of –607 and –800, said on cross-examination that he substituted a metal for a ceramic wall and insisted that he had made one additional change—the provision for space between the impingement wall and the boiler wall. But, as stated, this space between walls appears in Heath and Silent Automatic, DXM and DXN. Powers in his own note book referred to his work as "substitution of metallic hearth tile in place of present refractory tile".

The other distinguishing claims of the plaintiff are not described in detail, are not set forth with sufficient accuracy to enable the court to protect them by injunction. Claim 14 of '607 says, "fuel and air projecting means being designed to substantially prevent admixture or carburetion prior to impingement upon said metal wall", but it does not say how it is "designed". Bird claimed "a rotatable burner head adapted to deliver oil horizontally and against the upright wall of the annular member", etc., and Heath claimed a centrifugal projector discharging a "draft of air adjacent the upper surface of the hearth and oil above the air", etc. True, as plaintiff says, "there has been a change in the shape and in the size and dimensions * * * and differences in the relation to each other of the parts", but that change is not described "so as to distinguish it from other inventions". The variations are such as to bring the patents within the principle announced in American Lava Co. v. Steward, 6 Cir., 155 F. 731, 736: "But in the then state of the art he was bound to differentiate his structure from those which preceded him; and especially is this so where the whole merit of his invention depends upon some peculiarity in the elements he employs. We think it may be affirmed as a rule resting upon the fundamental principles of patent law that, where the essence of the invention is the location, form, size, or any other characteristic of the means employed, the patentee must distinctly specify the peculiarities in which his invention is to be found." Id., 215 U.S. 161, 167, 30 S.Ct. 46, 54 L.Ed. 139, and in Bullock Electric Mfg. Co. v. General Electric Co., 6 Cir., 149 F. 409.

The court feels about the patents in this case as it did about the patent in Hopkins et al. v. Republic Steel Corp., D.C., 42 F.Supp. 45, affirmed without opinion, 7 Cir., 135 F.2d 739. There can be no doubt that plaintiff made a contribution; but the method was not novel; it merely did better what had been done before; the terms used (except metal and ceramic, steel and clay) were relative not absolute; and the court is forced to conclude here as in that case (and in both cases reluctantly) that the patent law does not contemplate or provide compensation for every improvement.

Finding of facts and conclusions of law may be prepared in accordance with this opinion and the rule of the court. Order regarding payment of costs will be reserved until the accounting of royalties due under the license agreement is completed.