**CALLISON v. PICKENS et al.**

**No. 1178.**

Circuit Court of Appeals, Tenth Circuit. April 29, 1935.

Rehearing Denied June 7, 1935.

A. A. Davidson, of Tulsa, Okl. (M. S. Sawyer, Frederick W. Bailey, and Preston C. West, all of Tulsa, Okl., on the brief), for appellant.

Clarence E. Threedy, of Chicago, Ill. (Charles B. Cannon, of Chicago, Ill., and Travis I. Milsten, David R. Milsten, and Eben L. Taylor, all of Tulsa, Okl., on the brief), for appellees.

Before McDERMOTT and BRATTON, Circuit Judges, and KENNEDY, District Judge.

BRATTON, Circuit Judge.

Appellant instituted this suit to restrain further infringement of patent No. 1,645,370 and to recover damages for past infringement. The defenses were noninfringement, lack of invention, and anticipation. At the conclusion of the trial, the court sustained the last two defenses and dismissed the bill. This appeal followed.

The invention relates to an improvement in amusement devices having a propelling contrivance for balls, a target above the level of the propeller, and an inclined surface leading from the target to the propeller for the return of the balls after striking the target or target field. The asserted invention comprises a bar extending across the inclined surface between the target and the propeller pivoted at each end with arms extending toward the target and means of swinging the bar upward to release the balls; the object being to stop the balls as they roll down the inclined surface, hold them in the pockets between the extended arms, and thus permit them to be counted before they are returned to the reloading device. The patent contains seven claims, but only the first is involved here. It provides: "In an amusement device having a propelling device for balls, a target above the level of the propelling device and an inclined surface leading from the target to the propelling device for returning the balls thereto, means between the target and the propelling device for stopping the balls as they return from the target and means for lifting the stopping means to release the balls stopped by it."

The relevant parts of the specifications read:

"My invention relates to an improvement in amusement devices of the type of aerial projectile targets with ball return and is particularly adapted for use with the amusement device of the patent to W. A. Tratsch, dated September 1, 1925, No. 1,551,858, in which a coin-controlled pistol may be caused to propel a ball to a target in which the balls, after striking the target roll down an inclined plane into place to be loaded into the pistol when the reloading device has been released by a coin inserted in the coin slot, and in which the reloading of the pistol operates a device for resetting any target indicator which has been caused to be shown.

"My invention has for its object to provide a stop device in the path of the balls as they roll back from the target so as to permit them to be counted before being returned to the pistol and to so arrange the stop device that movement of the reloading device by which the targets are reset operates to lift the stop device and release the balls retained by it.

"A further object of the invention is the provision in the stopping device of pockets which may be numbered so that the lodging of a ball in one pocket rather than another as well as hitting the bull's eye of a target may require the exercise of special skill. * * * *"

The patent in suit was involved in another case which came before this court, Callison v. Dean, 70 F.(2d) 55. One of the alleged offending devices operated by appellees here was involved there, and it is urged that we determined the question of infringement which forecloses its consideration here. There the trial court dismissed the bill when plaintiff rested his case. No evidence was submitted with respect to the prior art. We held that the issuance of a patent is prima facie evidence of usefulness and novelty of the device and creates a presumption of patentable invention; and that, in the state of the record, the infringing device read squarely on claim 1 of the patent. Here the condition of the prior art was developed for the first time, and the court found that the patent is not the pioneer; that, instead, others preceded it; that it lacked invention and was anticipated by prior patents, Young, No. 492,178; Young, No. 513,224; Caille, No. 711,383; MacKenzie, No. 754,377; Doebrich, No. 1,185,071; Ellison, No. 1,253,471; Kohler, No. 1,540,343; and Tratsch, No. 1,551,858. Appel-

lant challenges that finding. It is contended that the claim in question is a combination which includes (1) a propelling device for balls; (2) a target above the level of that device; (3) an inclined surface leading from the target to the device; (4) means between the target and device for stopping the balls as they return so that they may be counted before continuing to the reloading device; and (5) coin-controlled means for lifting the stopping means to release the balls stopped by it.

█ It cannot be seriously said that the first three elements are free from anticipation in the prior art; but it is urged that the useful improvement which the invention supplies is embodied in the means for stopping the balls in such manner that they are visible, and consequently can be counted before being returned to the reloading device and the coin-controlled means for releasing the stopping device. The several prior patents already referred to disclose that the means in question for stopping the balls as they roll down the inclined surface and before they reach the reloading device is not new. Its substantial equivalent is found in the prior art; and the coin-control feature, in the abstract, is not new. But the use of old elements in a new combination which achieves a new and useful result or an old result in a more advantageous way is inventive and may be the subject of a patent. Webster Loom Company v. Higgins, 105 U. S. 580, 26 L. Ed. 1177; Grinnell Washing Machine Co. v. E. E. Johnson Co., 247 U. S. 426, 38 S. Ct. 547, 62 L. Ed. 1196; Proudfit Loose Leaf Co. v. Kalamazoo Loose Leaf Binder Co. (C. C. A.) 230 F. 120; Forchheimer v. Franc, Strohmenger & Cowan, Inc. (C. C. A.) 20 F.(2d) 553; Kendall v. Trico Products Corp. (C. C. A.) 31 F.(2d) 522; Silver-Brown Co. v. Sheridan (C. C. A.) 71 F.(2d) 935; Weil Pump Co. v. Chicago Pump Co. (C. C. A.) 74 F.(2d) 13. The question therefore narrows itself to an inquiry as to whether the "means for lifting the stopping means to release the balls stopped by it" is coin controlled and therefore possesses novelty. The claim does not so provide. No reference is made in it to coin control of the stopping means. The specifications are relied upon to aid in sustaining the contention. A patent is enforced according to its claims. The purpose of specifications is to describe the invention so that one skilled in the art may make or use it. It is not the function of specifica-

tions to enlarge or contract the claims, but resort may be had to them for the purpose of interpreting the claims; that is, to ascertain the true intent of the parties at the time the claims were made and allowed. Jensen-Salsbery Lab. v. O. M. Franklin Blackleg Serum Co. (C. C. A.) 72 F.(2d) 15; Jewell Filter Co. v. Jackson (C. C. A.) 140 F. 340; Ottuma Box Car Loader Co. v. Christy Box Car Loader Co. (C. C. A.) 215 F. 362; Hudson Mfg. Co. v. Louden Mach. Co. (C. C. A.) 276 F. 527. We therefore turn to the specifications for aid in interpreting the words "means" and "stopping means" as used in the claim.

█ If the words are construed to include every method of accomplishing the result, the claim is invalid for indefiniteness and uncertainty. A claim, alone or in light of the specifications, must describe a concrete apparatus, not an abstract function. Jensen-Salsbery Lab. v. O. M. Franklin Blackleg Serum Co. (C. C. A.) 74 F.(2d) 501; Elevator Supplies Co. v. Graham & Norton Co. (C. C. A.) 44 F.(2d) 354.

█ Looking to the claim and the specifications to ascertain what appellant had in mind at the time those terms were used in the claim, it is perfectly clear that he referred exclusively to the bar superimposed on the top of the inclined surface which lifts to allow the balls to continue their way to the bottom of the plane and thence to the reloading device. The language used points with compelling persuasion to that conclusion. The claim provides that the balls shall be released "by lifting the *stopping means* to release the balls," manifestly referring to the bar, because nothing else is lifted. That view is reinforced by the fact that each of the other six claims specifically refers to the bar as the stopping means, and we fail to find anything in the specifications or drawings accompanying them which indicates that the inventor intended to include in the means for stopping the balls anything other than the bar. Under recognized rules, we cannot superadd coin control for the purpose of limiting the claim to avoid anticipation, and, without coin control being included as a part of the stopping means, the patent is anticipated by the Young, Caille, MacKenzie, and Ellison patents, all earlier in time, because each of them accomplishes substantially the same thing in substantially the same way. And, with the claim thus limited to a bar or other lifting means

equivalent thereto, there is no infringement for appellees use an entirely different type of apparatus.

Since appellant's device is met with anticipation in the prior art and there is lack of infringement, it follows that the decree was right, and it is affirmed.