**TSCHAPPAT et al. v. HINDERLITER TOOL CO.**

**No. 1668.**

Circuit Court of Appeals, Tenth Circuit.

Sept. 8, 1938.

Rehearing Denied Oct. 22, 1938.

The device of the patent is illustrated by the following patent drawings:

Jack A. Schley, of Dallas, Tex., and Robert M. Rainey, of Oklahoma City, Okl. (Rainey, Flynn, Green and Anderson, of Oklahoma City, Okl., on the brief), for appellants.

Alexander C. Mabee, of Chicago, Ill. (Russell R. Hays, of Tulsa, Okl., and Charles W. Hills and Charles F. Meroni, both of Chicago, Ill., on the brief), for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Tschappat and Callahan brought this suit against the Hinderliter Tool Company for alleged infringement of claims 1, 4 and 5, and 2, 6 and 7 of patent number 1,830,-893. The application was filed June 18, 1928, as a continuation of application serial number 88,272 filed February 15, 1926.

The patent covers a tubing hanger used in connection with oil wells and includes means for sealing the opening between the tubing and the casing.

In oil wells a casing is set in the hole and topped with a casing head near the ground level. When the well is to be pumped, a tubing, through which the oil is taken from the well, is suspended inside the casing. Means must be provided for holding the tubing in position and for packing off at the upper end of the casing the opening between the inside wall of the casing and the outside wall of the tubing, so as to seal the upper end of the opening against gases and fluids that may enter the opening.

A tapered cylindrical casing or bowl 10 decreasing in diameter downwardly and provided with an outwardly projecting flange 11, is seated within the top of the casing head 12 above the shoulder 13 of the casing head. Suitable packing means is provided between such flange 11 and shoulder 13. The flange 11 has an inclined face which is engaged by bolts 16 to hold the bowl in place. The opening in the bowl is cylindrical; it tapers toward the bottom and is enlarged at the top so as to provide the horizontal shoulder 19. Adapted to operate within the bowl are segmental tapered sliding slips 20 having serrations 21. Each slip is provided with a pair of recesses 22 to form finger grips 23. The width of the opening at the lower end of the bowl is slightly smaller than the width of the upper end of each slip. This prevents the

slips from passing through the bowl and being lost in the casing. The slips engage the outer side of the tubing and hold it in place. We quote from the specification as follows:

"The numeral 25 designates a compressible packing ring, preferably formed of rubber, which is adapted to rest upon the top of the slips and the shoulder 19, and to be pressed against the same by a compression ring 26, adapted to enter the top of the bowl, as shown. This compression ring 26 is moved downwardly by bolts 28, engaging therewith, and having screw-threaded engagement within lugs 29, formed upon the top of the bowl. * * *. When the bolts 28 are screwed up, the compressible packing ring 25 is compressed, forming a gas-tight joint with the shoulder 19, the tops of the slips, and the tubing. Further, the packing ring, while under compression, serves to force the slips downwardly into clamping engagement with the tubing, thereby further reducing the possibility of the tubing slipping."

In Figure 8 a modification of the sealing means is shown, which is described in the specification as follows:

"The numeral 42 designates a compressible packing ring, preferably formed of rubber, which is adapted to rest upon the top of the slips 40 and shoulder 39, and to be compressed against the same by a compression ring 43, having screw-threaded engagement within the screw-threaded bore 38 as shown. The compression ring is provided with radial projections 44, so that it may be conveniently turned. * * * When the compression nut 43 is screwed down, the packing ring 42 will be compressed against the top of the slips and the shoulder 39, and a gas-tight joint will be effected."

It will be observed from the foregoing that the packing ring is seated on the shoulder in the bowl and the tops of the slips which form the lower compression ring for compressing the packing ring. It will be further observed that the sealing element can be replaced merely by removing the upper compression means and the packing ring, inserting a new packing ring and restoring the upper compression means to its proper position.

Claim 1 reads as follows:

"A combined tubing hanger and packing off device, comprising a bowl having a bore with a tapered part, the upper end of the bore being open, slips arranged within the tapered part of the bore for engagement with a tubing, the upper ends of the slips terminating at an elevation beneath the top of the bore of the bowl, a compressible packing ring disposed within the upper portion of the bore above the tops of the slips, *said packing ring serving to force the slips downwardly into engagement with the tubing* and also forming a gas-tight joint with the bowl and tubing, a compression ring arranged above the packing ring to force it downwardly with relation to the bowl, the arrangement being such that access may be had to the packing ring by adjustment of the compression ring without raising or disconnecting the tubing or stopping the operation of the well." (Italics ours.)

One element of claim 4 is "a compressible packing ring surrounding the tubing and engaging the tops of the slips and the shoulder."

One element of claim 5 is "a compressible packing ring surrounding the tubing within the bowl above the slips and engaging the tops of the slips, said packing ring serving to force the slips downwardly into engagement with the tubing."

Claims 1, 4 and 5 were voluntarily withdrawn from suit during the trial below.

Claims 2, 6 and 7 read as follows:

"A combined tubing hanger and packing off device, comprising a bowl having a bore with a tapered part, a plurality of slips within the tapered part of the bore for engaging a tubing, a compressible packing ring arranged adjacent to the top of the bowl and disposed above the slips, said packing ring serving to form a gas-tight joint with the bowl and the tubing, and adjustable means to exert a downward pressure upon the packing ring, such means being so constructed that access may be had to the packing ring without raising or disconnecting the tubing or stopping the operation of the well."

"In a combined tubing hanger and packing off device, a bowl having a bore with a tapered part, slips slidable in the tapered part of the bore for engaging a tubing, a compressible packing ring arranged above the slips and in close relation with the bowl and tubing, a compression ring arranged above the packing ring to force the same downwardly and having screw-threaded engagement with the upper portion of the bowl and having a part arranged exteriorly of the bowl, such ex-

terior part being adapted for engagement with a tool for turning the same."

"In a combined tubing hanger and packing off device, a bowl having a bore with a tapered part, slips slidable in the tapered part of the bore for engaging a tubing, a compressible packing ring arranged above the slips and in close relation with the bowl and tubing, and a compression ring arranged above the packing ring to force the same downwardly and having screwthreaded engagement with the upper portion of the bowl."

It will be observed that claim 2 calls for a packing ring "disposed above the slips," claim 6 for a packing ring "arranged above the slips," and claim 7 for a packing ring "arranged above the slips," and that the drawings disclose and the specification describes a packing ring positioned in contact with and engaging the tops of the slips.

During the prosecution of application serial number 88,272, the applicants sought to amend rewritten claim 5 so as to make this claim read as follows:

"In a combined tubing hanger and fluid packing off device, the combination with the casing head of an oil well, of a bowl mounted upon the casing head and having a tapered bore, slips within the bowl for engaging with the tubing, a compressible packing ring arranged *adjacent to the upper ends of the slips* and surrounding the tubing and engaging the upper portion of the bowl to form a gas-tight joint therewith, and screw-threaded means to force the packing toward the bowl."

Thereafter the applicants presented the following claim:

"In a combined tubing hanger and fluid packing off device, a bowl having a tapered bore, slips within the bowl for engagement with the tubing a compressible packing ring arranged *adjacent to the upper ends of the slips* and surrounding the tubing and engaging therewith to form a gas-tight joint, and screw-threaded means to force the packing ring toward the bowl."

The Patent Office rejected the two claims last adverted to on the ground of aggregation. Thereafter, the applicants voluntarily abandoned the claims and in support of new claims said:

"In applicant's construction, the tapered bore 17 coacts with the enlarged bore 18 to produce the shoulder 19. The compressible packing rings 25 *engages the top of the slips and also the shoulder 19*. The compressible packing ring is forced downwardly by the adjustable compression ring 26." (Italics ours.)

"Particular attention is called to the fact that the compressible packing is disposed at the top or above the slips, and this location produces new and unexpected and important results. In addition to the packing off, *and the resilient downward pressure upon the slips,* the weight carried by the slips is not transmitted to the compressible packing ring, which would destroy the same. * * *

"It is submitted that no patent cited shows the combination of the slips in the bowl with *the compressible packing ring* above the slips and *serving to force the same downwardly* and to form a gas-tight joint by engaging the tubing and bowl, with the compression ring acting upon the packing." (Italics ours.)

It will thus be observed that the applicants voluntarily abandoned claims wherein the packing ring was positioned adjacent to but not contacting or engaging the slips and asserted that contact between the packing ring and the slips in such a way as to exert downward pressure upon the slips was an important element of their invention.

The function of the packing ring is to seal off the opening between the casing and the tubing. The function of the slips is to hold the tubing in position. Unless the packing ring also engages the slips the former will not hold the latter in place and the latter will not coact with the former to effect the seal.

The alleged infringing device comprises an ordinary casing head with a tapered bowl or bushing seated in the top thereof supported by a sloping shoulder in the casing head. Inside the bowl are segmental tapered sliding slips having serrations which engage the tubing and hold it in place. The tops of the slips are positioned below the top of the bowl. A split steel compression ring surrounding the tubing is supported on the top of the bushing or bowl. A sealing gland or packing ring is placed above the steel ring. Above the sealing gland is another split steel compression ring. Above the latter is an adjusting cap or bushing with threads which engage corresponding threads in the outer top of the casing head and which is screwed down to compress the sealing gland between the two rings and effect the seal.

There is no coaction between the lower split steel ring and the slips except that

the distance between the tops of the slips and the ring is so slight that should the slips slide upward a short distance they would contact the ring and be prevented from moving farther out of normal position.

The trial court held that claims 2, 6 and 7 are void on the grounds of aggregation and anticipation and that they are not infringed by the Tool Company's device. Tschappat and Callahan have appealed.

The elements in the claims in suit are all old. At the time of the application for the patent in suit it was old in the art to suspend the tubing by the use of sliding slips with serrations and to seal by means of a sealing gland and compression rings.

In their brief here, counsel for Tschappat and Callahan, referring to claims 2, 6 and 7, said:

"There must be read into each of these claims a relationship, and positioning, of the slips and compression element, which will prevent the slips being blown up, by pressure, and permitting the tubing to drop or be displaced."

At the oral argument counsel for Tschappat and Callahan admitted that if the claims remaining in suit required the sealing element to be positioned immediately above or in contact with the slips, there was no infringement by the Tool Company's device.

It will, therefore, be observed that they ask us to read into the claims a limitation that the sealing element is positioned above but not in contact with the slips and sufficiently adjacent thereto to prevent the slips from sliding a substantial distance upward.

We have already adverted to the fact that claims calling for the sealing element to be positioned adjacent to the tops of the slips were rejected on the ground of aggregation and were thereafter abandoned. Webster defines "adjacent" as "lying near, close, or contiguous." Of course, if the sealing element contacted the tops of the slips it would hold the slips in place. Therefore, the Patent Office in rejecting the claims on the ground of aggregation, must have construed the word "adjacent" in the more common use of "near to."

Since the Patent Office was unwilling to grant claims in which there was space between the packing element and the tops of the slips, in granting the claims in suit the Patent Office must have construed the word "above" as being immediately above.

The specification and claims of a patent constitute a contract between the United States and the patentee, and they should be read and construed together, not for the purpose of limiting, contracting, or expanding the claims, but for the purpose of ascertaining from the entire agreement the actual intention of the parties.[1]

It is plain from the specification and drawings that the packing element is to contact the tops of the slips and force them into proper position and that the tops of the slips and the shoulder 19 are to serve as a lower compression ring. This is also made plain by the file wrapper history to which we have adverted. When read in the light of the drawings and specification and the file wrapper history, we think it plain that the word "above" as used in the claims remaining in suit should be accorded the meaning of immediately above the slips.

Where an applicant for a patent on a mechanical combination is compelled by the rejection of his application by the Patent Office to narrow his claim by the introduction of a new element in the combination, he cannot, after the issue of the patent, broaden his claim by omitting the element he was compelled to include in order to secure his patent. If dissatisfied with the rejection, he should appeal therefrom, and where, in order to get his patent, he accepts one with a narrower claim, he is bound by it. Whether the action of the Examiner was right or wrong, the court may not inquire. The applicant having limited his claim by amendment and having accepted a patent with such claim, brings himself within the rules that, if a claim to a combination is restricted to specified elements, all must be regarded as material; that limitations imposed by the applicant, especially those added by amendment after a claim has been rejected, must be construed against the inventor and regarded as disclaimers; and that the patentee is thereafter estopped to claim the benefit of the rejected claim or such a construction of his amended claim as would be equivalent thereto.[2]

[1] Jensen-Salsbery Lab. v. O. M. Franklin B. Serum Co., 10 Cir., 72 F.2d 15, 19; Callison v. Pickens, 10 Cir., 77 F.2d 62, 64.

[2] Jensen-Salsbery Lab. v. O. M. Franklin B. Serum Co., 10 Cir., 72 F.2d 15, 18; Gasoline Products Co. Inc. v. Champlin Refining Co., 10 Cir., 86 F.2d 552, 561;

Here the applicants acquiesced in the rejection of claims broad enough to cover a device where the sealing element is positioned above but not in contact with the slips, and thereafter filed amended claims and represented to the Patent Office with respect thereto that the packing ring engages the tops of the slips in order to show coaction or cooperation between the sealing means and the slips or tube supporting means and thereby avoid rejection on the ground of aggregation. We are of the opinion that the patentee is now estopped to assert a construction of the claims broad enough to embrace a device where the sealing means is positioned above and not in contact with the slips.

We conclude, therefore, that the device of the Tool Company does not infringe the claims remaining in suit. We deem it unnecessary to pass upon the validity of such claims.

The decree is affirmed.

Ruth v. Climax Molybdenum Co., 10 Cir., 93 F.2d 699, 703; I. T. S. Rubber Co. v.

Essex Rubber Co., 272 U.S. 429, 443, 444, 47 S.Ct. 136, 141, 71 L.Ed. 335.